UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON SCHWANN, THOMAS LEDUC, MANUEL MONTROND, MARVIN SANTIAGO, RAMON HELEODORO, JAMES DUGGAN, SERRULO FERNANDEZ DEJESUS, WAN PYO CONG, ERIC VITALE, MUCHIRAHONDO PHINNIAS, TEMISTOCLES SANTOS, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY,<br><br>Defendants. | JURY DEMANDED |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action under Massachusetts law challenging the misclassification of FedEx Ground and Home Delivery drivers as independent contractors. Specifically, the plaintiffs assert that, although under Massachusetts law they were employees of the defendants, they were misclassified as independent contractors and thereby suffered significant damages, including but not limited to loss of wages, improper wage deductions, improper shouldering of expenses, loss of benefits such as sick time, vacation time, and personal time and other related damages.

1

## II. JURISDICTION

2. The jurisdiction of this court is invoked pursuant to Diversity Jurisdiction, 28 U.S.C. §1332.

## III. PARTIES

3. The plaintiffs, Clayton Schwann, Thomas Leduc, Mauel Montrond, Marvin Santiago, Ramon Heleodoro, James Duggan, Serrulo Fernandez Dejesus, Wan Pyo Cong, Eric Vitale, Muchirahondo Phinnias, and Temistocles Santos are all adult residents of either Massachusetts or New Hampshire. Each plaintiff was a signatory to an operating agreement between himself and FedEx Ground Package Systems, Inc. d/b/a FedEx Ground or FedEx Home Delivery, and each worked as a FedEx driver delivering FedEx Ground or Home Delivery packages during the relevant statute of limitations described in Counts I-III of plaintiffs' complaint.[1] The plaintiffs all drove for defendants delivering FedEx packages, and operated out of defendants' terminals in Massachusetts. Each drove and delivered FedEx packages full-time for FedEx Ground during the relevant statute of limitations.

4. The above-named plaintiffs bring this case on their own behalf and on behalf of all other FedEx Ground and Home Delivery drivers who have worked within the relevant statute of limitations and have not released these claims.

5. The defendant FedEx Ground Package System, Inc., together with its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery, is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At

---

[1] One named plaintiff, Clayton Schwann, was also a plaintiff in a prior action entitled <u>Sheehan, et al. v Fedex Ground Package System, Inc.</u> C.A. No. 1:05-cv-10936-RGS. That case was dismissed by this court based upon an agreement that the plaintiff could re-file his claim (without loss of any tolling of the statute of limitations).

2

all times relevant, FedEx Ground, an affiliate of FedEx Corporation, engaged in the business of the delivery of packages nationwide and within the state of Massachusetts.

## V. STATEMENT OF FACTS

6. Defendant FedEx Ground is in the business of picking up and delivering packages to its customers throughout the state of Massachusetts and nationally.

7. At all times relevant hereto, each of the plaintiffs and the similarly situated class of individuals they seek to represent was a signatory to a lengthy form contract with the defendant that is called an "Operating Agreement" that mischaracterizes each driver as an independent contractor.

8. In fact, notwithstanding that each driver signed an "operating agreement", the relationship between the plaintiffs (and the similarly situated class they represent) and the defendant is one of employer and employee in all material respects.

9. Though the agreement labels each driver as an independent contractor, the behavioral and financial control manifested over the drivers by the defendant demonstrates that the drivers are employees rather than independent contractors. Such control includes, but is not limited to:

   a. Each driver was supervised and managed by a terminal manager or assistant terminal manager.

   b. Each driver was required to comply with detailed instructions regarding both written and unwritten policies, procedures, and directives promulgated by the defendant.

   c. Each driver received training by the defendant in order to comply with all of the defendant's policies and procedures.

   d. Although the drivers were required to purchase or lease the vehicles they used in working for the defendant and to purchase the uniforms they wear in the performance of their work, the defendant required that the drivers use specific FedEx signage and logos on their trucks and on their

3

uniforms and this prevented the drivers from using their vehicles and uniforms to offer services to the general public.

e. FedEx set the price which it charges its customers for the pick-up and delivery of packages performed by the drivers and the drivers have no control over the amount that they are paid for such packages.

f. The defendant exerted a high degree of control over the drivers' work including monitoring their work and raising performance issues with them.

10. Defendant FedEx reserved the right to control and did in fact exercise its right to control the methods and details by which the drivers perform their work.

11. The work that the plaintiff-drivers perform constitutes the central purpose for which FedEx Ground exists – namely the pick-up and delivery of packages.

12. The plaintiffs do not have an independently established trade or business separate and distinct from that of the defendant FedEx Ground and the plaintiffs are wholly dependent upon FedEx Ground for all of their business.

13. The plaintiffs are forced to incur significant deductions from their pay which deductions are made by FedEx Ground, and the plaintiffs incur significant cost in performing their work such as insurance payments, truck payments, gas payment, and other expenses of doing business.

14. In addition, the plaintiffs, because of their misclassification, have been unable to obtain benefits that all other FedEx Ground employees enjoy, such as paid holidays, vacation, personal days, and other such benefits.

15. The plaintiffs bring this action individually, and on behalf of a group of individuals similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 149 §150. The class of persons similarly situated are:

All FedEx Ground and Home Delivery drivers who are signatories to a FedEx Ground operating agreement and who have delivered FedEx packages for FedEx Ground or Home Delivery during the relevant statute of limitations within the state of Massachusetts.

16. The plaintiffs meet all of the requirements of Rule 23(a) including numerosity, typicality, commonality, and adequacy, and in addition, meet the requirements of Rule 23(b) in that common issues predominate over individualized issues and a class action would be a superior method to adjudicate the plaintiffs' claims.

## COUNT I

### (Violation of Massachusetts Independent Contractor Law)

In misclassifying the plaintiffs as independent contractors instead of employees, the defendant has violated M.G.L. c.149 §148B. This claim is brought pursuant to Chapter 149 §150, and plaintiffs claim all damages flowing from such violation including treble damages, and attorneys' fees.

## COUNT II

### (Violation of Massachusetts Wage Law)

In forcing the plaintiffs to bear costs incident to defendant's business operations and through other unlawful deductions and withholding of wages, the defendant has violated M.G.L. c.149 §148 and 150, including but not limited to making unlawful deductions and requiring plaintiffs to pay improper setoffs and expenses out of their wages, and for not paying plaintiffs for all time worked, and for withholding other wages such as final owed paychecks, vacation pay, and making other deductions.

## COUNT III

### (Unjust Enrichment)

As a result of defendant's conduct in misclassifying plaintiffs as independent contractors, the defendants have forced the plaintiffs to bear the normal costs and burdens of defendant's business and have thus unjustly enriched themselves to the detriment of plaintiffs in violation of the Common Law of Massachusetts.

## JURY DEMAND

Plaintiffs request a trial by jury on all claims for which they are entitled to a jury trial.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certifying this action to proceed as a class action.
2. Awarding plaintiffs all damages to which they are entitled, including wages, restitution for improper deductions and expenses borne by the Plaintiffs, and lost vacation, personal, and holiday pay, and other such benefits.
3. Any and all other such relief to which plaintiffs should be entitled.

CLAYTON SCHWANN, THOMAS LEDUC, MANUEL MONTROND, MARVIN SANTIAGO, REMAON HELEODORO, JAMES DUGGAN, SERRULO FERNANDEZ DEJESUS, WAN PYO CONG, ERIC VITALE, MUCHIRAHONDO PHINNIAS, and TEMISTOCLES SANTOS, individually and on behalf of all others similarly situated,

By their attorneys,

_____
Harold L. Lichten BBO # 549689
Shannon Liss-Riordan BBO # 640716
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

7