UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON SCHWANN, THOMAS LEDUC, MANUEL MONTROND, MARVIN SANTIAGO, RAMON HELEODORO, JAMES DUGGAN, SERRULO FERNANDEZ DEJESUS, WAN PYO CONG, ERIC VITALE, MUCHIRAHONDO PHINNIAS, TEMISTOCLES SANTOS, individually and on behalf of a class of individuals similarly situated, Plaintiffs, v. FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, Defendants | C.A. No. 1:11-cv-11094-RGS |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs Clayton Schwann, Thomas Leduc, Manuel Montrond, Marvin Santiago, Ramon Heleodoro, James Duggan, Serrulo Fernandez DeJesus, Wan Pyo Cong, Eric Vitale, Muchinrahondo Phinnias and Temistocles Santos (collectively, "Plaintiffs") hereby oppose the motion of Fedex Ground Package System, Inc. ("FedEx" or "Defendant") to dismiss Count III of their complaint. For the reasons stated below, Plaintiffs respectfully request that this Court DENY Defendant's motion.

## RELEVANT FACTS

Plaintiffs are former delivery drivers for FedEx who worked out of Defendant's terminals in Massachusetts. Compl. ¶3. Each drove and delivered FedEx packages full time for the

1

Defendant during the relevant statute of limitations. Id. Plaintiffs allege that, during the time they worked as delivery drivers for FedEx, Defendant unlawfully misclassified them as independent contractors – rather than employees – and that, by so doing, Defendant forced Plaintiffs to incur the ordinary operating costs of Defendant's business. Compl. ¶¶ 1, 13. These facts form the basis for Count III of Plaintiffs' complaint. While Defendant rightly points out that each Plaintiff signed a contract with FedEx, the so-called "Operating Agreement," Plaintiffs' complaint alleges that this agreement was a tool of Defendant's unlawful misclassification of Plaintiffs as independent contractors. See Compl. ¶¶ 7-8. As explained further below, the "Operating Agreement" between Plaintiffs and Defendant violates Massachusetts public policy, as recently announced by the Supreme Judicial Court in Awuah v. Coverall North America, Inc., 460 Mass. 484 (2011), and as such is void and unenforceable and cannot bar Plaintiffs' claim for unjust enrichment.

## ARGUMENT

I.  **Plaintiffs May Pursue a Claim for Unjust Enrichment Where the Contract Between the Parties Violates Public Policy and is Void.**

In Count III of their Complaint, Plaintiffs allege that, as a result of their unlawful misclassification, Defendants have been unjustly enriched, and Plaintiffs are permitted to recover for the value of Defendant's ordinary business expenses which they were forced to bear. Compl. Count III. Although a claim for unjust enrichment is not available where a contract governs the relationship between the parties, where that contract is unenforceable, Massachusetts will permit quantum meruit recovery on the theory of unjust enrichment. See Mass. Cash Register, Inc. v. Comtrex Sys. Corp., 901 F. Supp. 404, 423-34 (D. Mass. 1995), citing J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793-94 (1986). Such is the case here.

Massachusetts courts – as well as the federal courts in this circuit – have consistently refused to enforce contracts that violate public policy. See CSX Transp., Inc. v. Mass. Bay Transp. Auth., 697 F. Supp. 2d 213, 226 (D. Mass. 2010), citing Feeney v. Dell, Inc., 454 Mass. 192, 199-200 (2009) ("Contracts that violate public policy are unenforceable."); T.F. v. B.L., 442 Mass. 522, 528 (2004), citing Beacon Hill Civic Ass'n v. Ristorante Toscano, Inc., 422 Mass. 318, 320-21 ("[w]hen a contract violates or conflicts with public policy, we will treat it as void and will not enforce it."). Where a contract is found to be void and unenforceable, "[n]o contractual duty exists, no breach of contract is possible, and no judgment for money damages can be obtained under the contract." Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, 411 Mass. 39, 54-55 (1991); see also Life Ins. Co. of N. Am. V. Reinheimer, 497 F. Supp. 2d 254, 258-59 (D. Mass. 2007) ("A void contract is one that is without any legal effect, for example a contract whose terms are contrary to public policy."). To determine public policy, a court will look to clear expressions of the Legislature or of the Massachusetts courts. See Genzyme Corp. v. Fed. Ins. Co., 622 F.3d 62, 69 (1st Cir. 2010); T.F. v. B.L., 442 Mass. 522, 529 (2004).

In the present case, Plaintiffs signed an "Operating Agreement" in order to work for Defendant as delivery drivers. Compl. ¶¶ 3, 7. This agreement, which Defendant argues precludes a claim for unjust enrichment, is an example of the very type of contract that the Massachusetts Supreme Judicial Court has recently held violates the Commonwealth's public policy. In Awuah v. Coverall North America, Inc., the Supreme Judicial Court considered the issue of what types of damages are available to misclassified workers under the Massachusetts Independent Contractor statute, M.G.L. c. 149, § 148B, the very law at issue in the present case. 460 Mass. 484 (2011). In Coverall, the plaintiffs, janitorial workers, had signed "franchise

3

agreements" in order to enter into what the district court[1] had determined was an employment relationship with the defendant, and were required to pay certain fees to their employer under that contract and bear other expenses that are ordinarily paid by employers, such as workers compensation and other insurance premiums. Id. at 497-98. In holding that the "franchise fees" (as well as insurance costs) plaintiffs paid Coverall were recoverable as damages under the Massachusetts Wage Act, the SJC specifically found that the contract between the parties – which, like the Operating Agreement here, purported to deny the existence of an employment relationship and required the workers to pay these expenses – violated Massachusetts public policy and was "not entitled to be enforced." Id. at 498, citing Warfield v. Beth Israel Deaconess Med. Ctr., Inc., 454 Mass. 390, 397-98 (2009).

In light of the SJC's analysis in Coverall, Plaintiffs will ask this Court to find that the Operating Agreement between the Plaintiffs and FedEx in this case violates public policy.[2] For example, a California court hearing a claim for misclassification of FedEx drivers under California's Labor Code described the Operating Agreement between FedEx and its drivers as "a brilliantly drafted contract creating the constraints of an employment relationship with [the drivers] in the guise of an independent contractor model" which operated to control the drivers "based upon interpretation and obfuscation." See Estrada v. FedEx Ground Package System, Inc., 154 Cal. App. 4th 1, 9 (Cal. App. Ct. 2007). Moreover, the Coverall decision represents a clear articulation, by the Commonwealth's highest court, that contracts which seek to deny the existence of an employment relationship, and in so doing to skirt the requirements of the

---

[1] The Coverall case was before the Supreme Judicial Court on a certified question from the United States District Court for the District of Massachusetts (Young, J.) , which had ruled that the defendant, Coverall, had misclassified its workers as independent contractors in violation of §148B of the Massachusetts Wage Act. Awuah v. Coverall North America, Inc., 740 F.Supp.2d 240, 245 (2010).
[2] In light of the Coverall decision, Plaintiffs assert that they have pleaded sufficient facts concerning the parties' "Operating Agreement" to argue here that the agreement violates public policy. Should the Court decide otherwise, Plaintiffs will seek to amend their Complaint.

Massachusetts wage laws, violate public policy and will not be enforced. See Coverall, 460 Mass. at 498. Given the strong presumption of employment in Massachusetts and the recent Wage Act decisions, including Coverall, of the Massachusetts SJC, Plaintiffs contend that the Operating Agreement between Plaintiffs and FedEx violates public policy and is, therefore, unenforceable and cannot stand as a bar to Plaintiffs' unjust enrichment claim. Accordingly, Defendant's motion to dismiss Count III should be denied.

### II.   Plaintiffs Are Entitled To Pursue Multiple Theories and Their Claim for Unjust Enrichment Should Not Be Dismissed.

Plaintiffs' complaint alleges that, as a result of their unlawful misclassification, they were forced to incur significant expenses – including insurance, vehicle and gas payments – which should have been borne by their employer, FedEx, as part of the ordinary costs associated with Defendant's business. Compl. ¶¶ 7, 13. Because Plaintiffs suffered these expenses, for Defendant's benefit, they allege that FedEx was unjustly enriched and that they are entitled to damages. Compl., Count III.  The fact that Plaintiffs' Complaint includes allegations that they signed Defendant's "Operating Agreement," does not prevent them from alleging a claim for unjust enrichment. Rule 8 (d) of the Federal Rules of Civil Procedure explicitly permits a party to plead alternative theories of its case. F.R.C.P. 8 (d).

Courts in this district have cited Rule 8 (d) when denying motions to dismiss claims for unjust enrichment where the pleadings, as here, indicate that the parties to the litigation were also parties to a contract. See Aware, Inc. v. Centillium Communications, Inc., 604 F. Supp. 2d 306, 312 (D. Mass. 2009) (where plaintiff alleged claims for both unjust enrichment and breach of contract based upon the same conduct, court would permit all claims to move forward at early stage of litigation); Smith v. Jenkins, 626 F. Supp. 2d 155, 170-71 (D. Mass. 2009) (noting that

while claim may be dismissed at some time in the future, it should not be dismissed at the early stage of the litigation where pleading in the alternative is permitted by the federal rules).

Here, Plaintiffs have properly alleged the elements of a claim for unjust enrichment and alleged facts that support that claim. Defendant's reliance on a contract which Plaintiffs allege is a tool of their unlawful misclassification and which Plaintiffs expect to be found, in light of the SJC's recent <u>Coverall</u> decision, void as a matter of public policy, is insufficient to bar Plaintiffs' claim for unjust enrichment. Accordingly, Defendant's motion should be denied.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court DENY Defendant's motion to dismiss Count III of the Complaint.

Respectfully submitted,

CLAYTON SCHWANN, THOMAS LEDUC, MANUEL MONTROND, MARVIN SANTIAGO, REMAON HELEODORO, JAMES DUGGAN, SERRULO FERNANDEZ DEJESUS, WAN PYO CONG, ERIC VITALE, MUCHIRAHONDO PHINNIAS, and TEMISTOCLES SANTOS, individually and on behalf of all others similarly situated, **Plaintiffs**

By their attorneys,

 */s/ Harold L. Lichten*
Harold L. Lichten BBO # 549689
Shannon Liss-Riordan BBO # 640716
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994.5800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each other party via ECF electronic filing on September 16, 2011.

                                                /s/ Harold L. Lichten
                                                Harold L. Lichten