**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CLAYTON SCHWANN, THOMAS LEDUC,
RAMON HELEODORO, JAMES DUGGAN,
ERIC VITALE, PHINNIAS MUCHIRAHONDO,
TEMISTOCLES SANTOS, LAWRENCE
ADAMS, JEFF BAYLIES and ROBERT
SANGSTER, on behalf of themselves and all
other similarly situated,

          Plaintiffs,

  v.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

          Defendant.

Civ. A. No. 1:11-cv-11094-RGS

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This case arises from egregious violations of the Massachusetts wage laws by Defendant, FedEx Ground Package System, Inc. ("FedEx").  Plaintiffs bring this case on behalf of a class of similarly situated individuals who have worked as pick-up and delivery drivers on behalf of FedEx in Massachusetts since 2008, who have not yet released these claims.  Plaintiffs allege that FedEx misclassified them, and their fellow drivers, as independent contractors when they were, under Massachusetts law, employees and that, as a result of that misclassification, FedEx denied them the benefits of the Massachusetts wage laws, including forcing them to improperly bear the costs of their employer.  Plaintiffs now seek to certify this matter as a class action, pursuant to Fed. R. Civ. P. 23 and M.G.L. c. 149, § 150.[1]

The named plaintiffs, like the putative class members, drove FedEx delivery trucks that operated out of one of FedEx's Massachusetts terminals.  While wearing a FedEx uniform and driving a truck emblazoned with FedEx logos, Plaintiffs picked up and delivered packages for FedEx customers.  In performing this work, Plaintiffs and proposed class members followed procedures set out by FedEx and used FedEx equipment, including electronic scanners, to record their pick-ups and deliveries.  During the period that Plaintiffs provided pick-up and delivery services for FedEx, they did not work as pick-up and delivery drivers for anyone else.  Nor could they; all spent, on average, at least 60 hours a week working for FedEx.

---

[1]     On July 31, 2012, Plaintiffs filed a motion for partial summary judgment on the issue of Plaintiffs' employment status under the Massachusetts Wage Act.  (Doc. # 30).  After FedEx's opposition and Plaintiffs' reply briefs were filed, the Court, on November 2, 2012, denied Plaintiffs' motion without prejudice pending resolution of class certification and directed Plaintiffs to file their class certification motion by December 7, 2012.  On December 7, 2012, the Court extended that date to December 12, 2012.

Class treatment is nowhere more appropriate than here.  Plaintiffs seek relief for a class of pick-up and delivery drivers, many of whom continue to work for FedEx in some capacity, or no longer reside in Massachusetts or in the country, and all of whom were subject to FedEx's uniform practice of misclassification.  Adjudication of the Plaintiffs' misclassification claim hinges on analysis of a single, underlying legal question, common to every member of the proposed class – whether, under the Wage Act, FedEx's pick-up and delivery drivers are independent contractors or employees. Certification of this case will conserve judicial resources and ensure the efficient resolution of the question of the drivers' employment status.  The alternative to certification would be a series of individual lawsuits, all raising the same factual issues, seeking relief under the same statute and subject to the same defenses. For the putative class members, the class action vehicle will likely be the only way for them to obtain recovery on their claims. Class treatment will provide the most practicable and efficient means for redressing FedEx's unlawful conduct.   For these reasons, as set forth below, the Court should grant Plaintiffs' motion for class certification.

## FACTUAL BACKGROUND

FedEx is a company engaged in providing package delivery service to its customers across the country and around the world.  (Doc. # 31, ¶ 1).[2]  Plaintiffs and class members worked for FedEx as package pick-up and delivery drivers in Massachusetts.  Id. at ¶¶ 2 – 11.  Delivery drivers perform the core business of FedEx, which is providing package and delivery service, and the work of all the Plaintiffs and class members was in the usual course of FedEx's business.  In addition, each of the

---

[2]       Plaintiffs refer the Court to the Affidavit and supporting documents filed with their Statement of Undisputed Facts (Doc. # 31) as part of their motion for partial summary judgment (Doc. # 30).

plaintiffs reported to a FedEx terminal every day where they were supervised by a FedEx manager. Id.  As a condition of work, each Plaintiff was required to sign a contract with FedEx; these standard contracts are known as "Operating Agreements." Id. at ¶ 12).[3]  Pursuant to these agreements, FedEx classifies its pick-up and delivery drivers as "independent contractors."  Id.  But the reality of Plaintiffs work for FedEx reveals that, under Massachusetts law, they were FedEx's employees.

FedEx required each of the Plaintiffs to obtain a truck – meeting FedEx's specifications and subject to FedEx's approval – for the performance of their pick-up and delivery duties.  Id. at ¶ 14.  FedEx required that these vehicles be painted "FedEx white" and be decked out with the company's name and logos on all four sides.  Id. FedEx prohibited Plaintiffs from using their vehicles for any purpose other than FedEx's business while it bore the company's name and logo.  Id. at ¶ 26.  FedEx also required the Plaintiffs to wear uniforms, emblazoned with FedEx's logo, while they were performing pick-up and delivery work.  Id. at ¶ 15.  Plaintiffs had no control over how many deliveries they had to make each day, where the deliveries were performed, the rates charged to FedEx customers for these services, or the rate of pay they themselves received for this work.  Id. at ¶ 16.  All of these terms and conditions were established and controlled by FedEx.  Id. at ¶¶ 16 -- 18.  Plaintiffs were required to adhere to FedEx "standards of service," including the use of FedEx's equipment to record the delivery status of packages and to communicate with customers.  Id. at ¶ 20.

None of the Plaintiffs engaged in any other work during the time that they provided delivery services for FedEx.  Id. at ¶ 25.  All packages they delivered were

---

[3]     FedEx uses these standard Operating Agreements for pick-up and delivery drivers across the country.  See, e.g., Craig v. FedEx Ground Package Sys., Inc., -- F.3d –, 2012 WL 2862030 (7th Cir. July 12, 2012).

packages for FedEx's customers.  Id. at ¶¶ 17, 22.  For each of the Plaintiffs, working as

a FedEx delivery driver was a full-time job.  Id. at ¶¶ 2 – 11.  Because of this, and

because of FedEx's strict rules preventing drivers from engaging in other work while in

uniform and driving a vehicle with FedEx's logo on it, it would have been virtually

impossible for Plaintiffs to engage in any independent delivery work on top of their work

for FedEx.  Id. at ¶¶ 26 – 27.

## ARGUMENT

Rule 23 provides courts with "broad discretion" to determine whether to certify a

class action.  See McCuin v. Sec'y of Health & Human Services, 817 F.2d 161, 167 (1st

Cir. 1987); Mogel v. UNUM Life Ins. Co. of Am., 677 F.Supp.2d 362, 365 (D. Mass.

2009).  Courts routinely certify claims involving misclassification of employees as

independent contractors, such as the claims asserted here, when class members share

similar job duties and are subjected to similar policies and practices.  Indeed, in

Massachusetts, class certification in actions alleging misclassification is particularly

appropriate because of the strict requirements of M.G.L. c. 149, § 148B, the

Massachusetts Independent Contractor Law.[4]  In addition, M.G.L. c. 149, § 150

---

[4]      FedEx will no doubt insist that class certification should be denied, based on the decision of
Judge Robert Miller, who sits in the Northern District of Indiana and presided over cases from twenty-
eight states that had been consolidated by the Judicial Panel on Multidistrict Litigation (MDL).  There,
Judge Miller declined to certify a class of FedEx drivers from Massachusetts in the case of Sheehan et al
v. FedEx Ground Package System, 3:05-cv-00531-RLM-CAN, asserting claims under § 148B, because
he found that, under the first prong of § 148B's three-prong test, FedEx would be "required to prove
freedom from control in practice, as well as freedom from control under the Operating Agreement."  In re
FedEx Ground Package Sys., Inc. Employment Litig., 273 F.R.D. 424, 456 (N.D. Ind. 2008).  But this
reasoning, which plainly ignores the conjunctive nature of § 148B's three prong test, has not been
adopted or followed by any court in Massachusetts – state or federal – which has considered a motion for
class certification of claims brought under the Massachusetts Independent Contractor Law.  In fact,
contrary to Judge Miller's ruling, every court in Massachusetts to consider the issue has granted class
certification to plaintiffs asserting § 148B claims.  See e.g., Awuah v. Coverall North America, Inc.
("Coverall"), Case No. 1:07-cv-10287-WGY, Doc. # 365 at 2-3 (D. Mass. Sept. 27, 2011); Cutter v.
HealthMarkets, Inc., C.A. No. 1:10-cv-11488-JLT (D. Mass. July 26, 2011) (Doc. # 57); DeGiovanni v.
Jani-King Int'l, Inc., 262 F.R.D. 71 (D. Mass. 2009); Sandoval et al. v. M.J.F. Bowery Corp. d/b/a/ Ten's

expressly provides that an aggrieved employee may bring a claim on behalf of himself and others similarly situated.

As further discussed below, § 148B establishes a three-prong test for employee misclassification and imposes on the putative employer the burden of proving that it satisfies all three prongs of the test.  The second prong is particularly amenable to resolution on a class-wide basis because it asks whether workers' services are performed "outside the usual course" of the employer's business, M.G.L. c. 149, § 148B(a)(2), and an employer's failure to satisfy this prong means that the workers are employees rather than independent contractors.  See Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009) (under the statute, in order to avoid a finding of employee status, an employer must prove all three prongs of § 148B's conjunctive test; if the employer cannot prove *any one of the three prongs*, the worker is an employee as a matter of law.)  Accordingly, classes are routinely certified in actions alleging independent contractor misclassification under Massachusetts law.

For example, in Coverall, the court certified a class of individuals who had entered into franchise agreements with the defendant and who had asserted misclassification and wage claims.  C.A. No. 1:07-cv-10287-WGY (Doc. # 365 at 2-3).  Similarly, in De Giovanni v. Jani-King Int'l, Inc. ("Jani-King"), 262 F.R.D. 71 (D. Mass. 2009), the court certified a class of individuals who had entered into franchise agreements with the defendant and charged it with "violat[ing] Massachusetts wage and

---

Show Club, 29 Mass. L. Rptr. 11 (Essex Super. July 22, 2011); Cruz v. Manlo Enterprises, Inc., Worcester C.A. No. 2010-01931 (Mass. Super. June 10, 2011) (attached hereto as Exhibit 1); Chaves v. King Arthur's Lounge, Inc., Suffolk C.A. No. 2007-2505 (Mass. Super. July 31, 2009) (attached hereto as Exhibit 2); DiGirolamo v. Carey Int'l, Inc., JAMS Ref. No. 1400012637 and Ksikes v. Boston Cars, Inc., JAMS Ref. No. 1400012857 (JAMS, Boston May 31, 2011) (Butler, Arb.) (attached hereto as Exhibit 3).

employment laws by classifying its franchisees as independent contractors, when, in fact, the franchisees are employees." Jani-King, 262 F.R.D. at 74.

In addition to these Massachusetts cases, numerous courts across the country have granted class certification in cases, like this one, where pick-up and delivery drivers have challenged their misclassification as independent contractors under tests far more lenient than Massachusetts' which creates a presumption of employment. See e.g., Phelps v. 3PD, Inc., 261 F.R.D. 548 (D. Or. 2009); Sherman v. American Eagle Express, Inc., Case No. 09-575, Doc. # 200 (E.D. Pa. March 8, 2012) (certifying class of delivery drivers under Pennsylvania's Wage Payment and Collection Law); Lee v. Dynamex, Inc., 166 Cal. App. 4th 1325, 83 Cal. Rptr. 3d 241 (2008) (reversing trial court's denial of class certification motion brought by drivers challenging, under California law, defendant's classification of them as independent contractors). Indeed, the federal district court in Maine recently certified a class of former FedEx pick-up and delivery drivers alleging misclassification under both the FLSA and Maine wage laws. Scovil v. FedEx Ground Package Sys., Inc., 811 F.Supp.2d 516, 517 (D. Me. 2011). Although the misclassification claims there were governed by less stringent, multi-factored tests, the court concluded that common issues of law and fact predominated as to the question of the drivers' employment status, making certification appropriate. Id.[5]

Plaintiffs now seek to certify a class of all individuals who entered into a FedEx Ground or Home Delivery Operating Agreement; drove a vehicle on a full-time basis

---

[5] Judge Miller likewise certified 28 misclassification cases against FedEx as class actions in the FedEx MDL litigation. In re FedEx Ground Package Sys., Inc. Employment Litig., 273 F.R.D. 424 (N.D. Ind. 2008). However, as described above, he erroneously denied class certification in the Massachusetts case in Sheehan.

since June 17, 2008[6], to provide package pick-up and delivery services pursuant to the

Operating Agreement; were dispatched out of a terminal in the Commonwealth of

Massachusetts; and have not yet released these claims.[7]  All members of the putative

class were subject to FedEx's uniform practice of misclassification, and adjudication of

Plaintiffs' primary claim centers on facts and legal questions common to all proposed

class members.  For many, the class action vehicle may be the only means available to

obtain full recovery for their claims.  A class action will therefore provide the most

practicable and efficient means for redressing FedEx's unlawful conduct.

**I.      THE STANDARD FOR CLASS CERTIFICATION IS LIBERAL, ESPECIALLY WHERE THE ISSUE IS EMPLOYMENT CLASSIFICATION STATUS.**

To prevail on a motion for class certification, Plaintiffs must show that "the case

meets all four requirements of Fed.R.Civ.P. 23(a) and fits into one of the categories

enumerated in Fed.R.Civ.P. 23(b)."  Payne v. Goodyear Tire & Rubber Co., 216 F.R.D.

21, 24-25 (D. Mass. 2003).  Moreover, as noted above, M.G.L. c. 149 § 150 expressly

provides for aggrieved employees to bring claims on behalf of themselves and others

similarly situated.  Some courts have recognized that § 150 provides an independent

statutory basis for certifying wage cases in Massachusetts as class actions.  See

---

[6]      Because M.G.L. c. 149 § 150 provides for a three year statute of limitations, the class period for this class would extend back to three years prior to the filing of this case, which was on June 17, 2011.  In addition, Plaintiff Clayton Schwann (who does not seek to be a representative plaintiff in this class action) has a statute of limitations extending back to May 6, 2002.  That is because, under the Sheehan agreement approved by this Court, named plaintiffs in the Sheehan case who chose to preserve, and not release, their claims are entitled to tolling back to the earlier statute of limitations they have from the filing of the Sheehan case.  See Sheehan v. FedEx Ground Package System, Inc., C.A. No. 05-10936-RGS, Order Approving Settlement (Doc. # 2229) (D. Mass. April 7, 2011).

[7]      As the Court is aware, a number of drivers released their claims in connection with Sheehan. See Sheehan v. FedEx Ground Package System, Inc.., C.A. No. 05-10936-RGS, Order Approving Settlement (Doc. # 2229) (D. Mass. April 7, 2011).  The plaintiffs and putative class members in this case did not release their claims in that case.

Massachusetts Delivery Ass'n, 671 F.3d 33, 37 (1st Cir. 2010); Raghai v. BH Normandy

Owner LLC, Middlesex Sup. Ct., No. 10-3992-A (May 30, 2012), attached hereto as

Exhibit 4.  Plaintiffs will nevertheless demonstrate why they also meet Rule 23's factors.

"Doubts should be resolved in favor of certification." Payne , 216 F.R.D. at 25.

This is especially true where, as here, the issue is whether workers were misclassified

as independent contractors. As Judge Young noted, "[b]oth the United States Supreme

Court and the Massachusetts Supreme Judicial Court have expressed a strong

preference for rendering decisions on the classification of employees on [a] class wide

basis." Jani-King, 262 F.R.D. at 85-86 (citing Nationwide Mut. Ins. Co. v. Darden, 503

U.S. 318, 327 (1992) (employee status requires "categorical judgments"), and Athol

Daily News v. Bd. of Review of Div. of Employment & Training, 439 Mass. 171, 181

(2003) (determinations based on factual circumstances of individual workers "would

have the anomalous result of inconsistent status determinations with respect to workers

performing identical services for the same company").

To satisfy the requirements of Rule 23(a), Plaintiffs must show that: (1) the class

is so numerous that joinder of all members is impractical (numerosity); (2) there are

questions of law or fact common to the class (commonality); (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class

(typicality); and (4) the representative parties will fairly and adequately protect the

interests of the class (adequacy).  Fed.R.Civ.P. 23(a).  Plaintiffs must also satisfy the

two additional requirements of Rule 23(b)(3): that (1) questions of law or fact common to

the members of the class predominate over any questions affecting only individual

members (predominance); and (2) a class action is superior to other available methods

for the fair and efficient adjudication of the controversy (superiority).  Fed.R.Civ.P.

23(b)(3).  All of these requirements are met here.

## II.     Plaintiffs Satisfy The Requirements of Rule 23(a).

### A.     The class is so numerous that joinder is impractical.

Rule 23(a)(1) requires that a class be "so numerous that joinder . . . is

impracticable."  Fed.R.Civ.P. 23(a)(1). The numerosity requirement is "'not a difficult

burden to satisfy.'"  McAdams v. Massachusetts Mut. Life Ins. Co., 2002 WL 1067449 at

*3 (D. Mass. May 15, 2002), aff'd, 391 F.3d 287 (1st Cir. 2004).  Plaintiffs need not

prove the precise size of the class, as "district courts may draw reasonable inferences

from the facts presented to find the requisite numerosity."  McCuin, 817 F.2d at 167.

Although courts have generally found a forty-person class sufficient to establish

numerosity, see McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 307 (D. Mass.

2004), courts have certified cases where the putative class contains even fewer than

forty individuals, particularly where individual joinder would be impracticable,[8] for

instance due to employees' fear of challenging their employer (and jeopardizing their

current jobs, or future work in the industry), or due to unavailability of employees to

pursue claims, such as when they are out of the country.  See, e.g., Raghai, Exh. 4,

(certifying class containing only 18-20 members, noting that even former employees

---

[8]      See, e.g., Cross v. National Trust Life Ins. Co., 553 F.2d 1026, 1030 (6th Cir. 1977) (approving seven member class); Afro American Patrolmen's League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974) (holding that class with thirty-five members sufficient); Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist., 446 F.2d 763, 765-66 (8th Cir. 1971) (approving class of twenty members); Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir.1967) (certifying class of eighteen members); Gaspar v. Linvatec Corp., 167 F.R.D. 51, 56 (N.D. Ill. 1996) (holding that proposed class of eighteen satisfied the numerosity requirement); Grant v. Sullivan, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (noting that "[t]his Court may certify a class even if it is composed of as few as 14 members."); Bruce v. Christian, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (numerosity found even though plaintiffs could identify only 16 class members); Dale Elecs., Inc. v. R.C.L. Elecs., Inc., 53 F.R.D. 531 (D.N.H. 1971) (certifying class with thirteen members).

may be unlikely to want to assert individual claims because they may want to use the

defendant for job references for future employment); <u>see</u> <u>also</u> <u>Overka v. American</u>

<u>Airlines, Inc.</u>, 265 F.R.D. 14, 24 (D. Mass. 2010) ("Courts have considered risk of

reprisal by an employer as weighing in favor of certification.").[9]

Plaintiffs believe both concerns to be present here.  In particular, there is an

impracticality of class members joining this case, due to geographic dispersion and fear

of retaliation.  <u>See</u> Declaration of Shannon Liss-Riordan, attached hereto as Exhibit 5,

¶¶ 3, 4.  And, despite Plaintiffs' request, FedEx has refused to substantively respond to

interrogatories requesting information about the size of the putative class.  In any event,

based on information Plaintiffs have in their possession[10], Plaintiffs know that the

putative class in this case numbers no less than 41 individuals.[11]  <u>See</u> Liss-Riordan

Declaration, ¶ 2.

Moreover, although the first requirement of F.R.C.P. 23(a) is numerosity, courts

have often examined that factor in terms of practicability; in other words, would joinder

of the individual claims – whatever the number – be so impracticable that it would make

the litigation inefficient.  <u>See</u> <u>In re Relafen Antitrust Litig.</u>, 221 F.R.D. 260, 267 (D. Mass.

---

[9]     Again, given that M.G.L. c. 149 § 150 expressly provides for aggrieved employees to bring claims on behalf of themselves and others similarly situated (regardless of whether the requirements of Rule 23 have been strictly met), it should not matter whether the potential class size in this case meets some particular number.

[10]     In response to Plaintiffs' request for discovery regarding the number of FedEx drivers who worked within the statute of limitations but who have not released their claims in this case, FedEx responded that this information was already within Plaintiffs' counsel's possession. Defendant's Interrogatory Responses, attached hereto as Exhibit 6.  Thus, Plaintiffs believe, by virtue of this response, that FedEx expected and intended Plaintiffs to base their request for certification off of this information within Plaintiffs' counsel's control, although it was not produced in discovery for this case.

[11]     This number includes the ten named plaintiffs, as well as 31 additional FedEx drivers who have worked since June 17, 2008, who have not released their claims asserted in this case.

2004) ("Numerosity is established if the size of a proposed class, even if inexactly determined, is sufficiently large as to make joinder impracticable, given the relevant circumstances."); McLaughlin, 224 F.R.D. at 307.  Any uncertainty about the exact number is of no consequence here, because plaintiffs seeking certification need not prove the precise size of the class. Instead, a court may make "common sense assumptions in order to support a finding of numerosity." Kirby v. Cullinet Software, 116 F.R.D. 303, 306 (D. Mass. 1987).  There is a practical reason for this rule, as well: "[t]he fact that the exact number of affected members has not yet been resolved does not act as a bar to maintaining a class action as the defendant employer is the only one who holds information on all past and present employees." Moran v. Bay Tower, Inc., Civ. A. No. 97-6049A (Mass. Super. 2002) ("Bay Tower"), attached as Exh. 7, at 5.  Here, Plaintiffs have sought, through interrogatory requests, discovery concerning the size of the putative class, and FedEx has refused to provide this information.  Exhibit 6.[12] Thus, the fact that Plaintiffs cannot establish with mathematical certainty the size of the proposed class should not be a bar to certification, particularly where other factors underscore the impracticability of joinder of multiple, identical claims.

Here, the numerosity requirement is satisfied given the circumstances of this case, because joinder of all class members is plainly impracticable, unwise or imprudent.  A critical consideration when examining the practicality of joinder in this case is the fact that a number of members of the putative class are immigrants from Brazil, who may have limited resources and English skills, and who are subject to

_____

[12]     Should the Court have any concerns, however, regarding whether Plaintiffs have satisfied the numerosity requirements, Plaintiffs ask that the Court order FedEx to respond to Plaintiffs' discovery request and produce in this case information concerning who would be in this putative class.  See McCuin, 817 F.2d at 167.

geographical dispersion.  See Liss-Riordan Decl. ¶ 3; Kirby, 116 F.R.D. at 306 (fact that

putative class members resided in different geographic areas supported a finding that

numerosity requirement was satisfied).  Here, not only have FedEx drivers throughout

the country been hesitant to purse these claims due to fear of retaliation, but a number

of the putative class members in this case are no longer living in Massachusetts, or in

the United States, making it unlikely for them to prosecute individual claims on their own

behalves.  As numerous courts have recognized, these factors make joinder impractical,

if not impossible.[13]  See Pinto v. The Upper Crust LLC, Suffolk Sup. Ct. C.A. No. 2010-

02847E (July 12, 2012), attached hereto as Exhibit 8.  When viewed through the lens of

practicality, and taking into account the intended purpose of Rule 23 to permit those

without easy access to lawyers and the courts to have their claims adjudicated

efficiently, it is clear that Plaintiffs satisfy Rule 23(a)'s numerosity requirement.[14]

### B.    Questions of law and fact are common to the class.

Rule 23(a)(2) requires that "questions of law or fact" be "common to the class."

As the Supreme Court emphasized, commonality requires the identification of an issue

---

[13]    See, e.g., Perez-Olano v. Gonzales, 248 F.R.D. 248, 256-57 (C.D. Cal. 2008) (joinder impractical given geographical dispersion of immigrant class members, including relocation of some to foreign countries); Niemiec v. Ann Bendick Realty, 2007 WL 5157027, *7 (E.D.N.Y. 2007) (in assessing numerosity, observing that workers were likely to be deterred because "many potential class members likely have limited English abilities…[and] may be undocumented immigrants fearful of exposing their immigration status or are fearful that they may suffer reprisal"); Noble v. 93 University Place Corp., 224 F.R.D. 330, 342 (S.D.N.Y. 2004) (in assessing numerosity, noting that immigrants were unlikely to take action "because they feared reprisal, particularly given their citizenship status."); Leyva v. Buley, 125 F.R.D. 512, 515 (E.D. Wa 1989) (joinder impracticable due to class members' lack of sophistication, limited knowledge of American courts, limited English proficiency, and geographic disparity); Fernandez–Roque v. Smith, 91 F.R.D. 117, 122 (N.D.Ga.1981) (joinder impracticable where members have little knowledge of English and the American legal system).

[14]    Importantly, § 150 of the Wage Act expressly permits an individual to file claims under the statute on his own behalf and on behalf of others similarly situated, as class actions. See Massachusetts Delivery Ass'n, 671 F.3d at 37 ("Independently, employees who allege improper classification as independent contractors may bring their own actions for injunctive relief and treble damages, and may bring such suits as class actions." citing M.G.L. c. 149, § 150).  Given this language expressly authorizing aggrieved individuals to sue on behalf of others similarly situated, a strict numerosity standard need not be imposed.

that by nature "is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes v. Wal-Mart Stores, Inc., 131 S.Ct. 2541, 2551 (2011). The commonality prerequisite "is not a difficult one to meet." In re Relafen Antitrust Litig., 231 F.R.D. 52 at 69.  It "does not require that class members' claims be identical," and "[a] single common legal or factual issue can suffice." Payne, 216 F.R.D. at 25. When the claims arise out of a companywide policy or practice, commonality is satisfied.  See, e.g., Overka, 265 F.R.D. at 18  (the "commonality requirement is usually satisfied" where "implementation of [a] common scheme is alleged.

This case readily satisfies the commonality requirement because the claims of the putative class members arise from a common scheme.  First, the class is bound by the common legal question of whether FedEx's practice of misclassifying its pick-up and delivery drivers as independent contractors violates § 148B, the Independent Contractor Law.  The claims of the named Plaintiffs are the claims of the proposed class members; there is no disparity.  Second, the employment status of the proposed class members in this action may be resolved through common evidence.  Section 148B establishes narrow circumstances under which workers may be classified as independent contractors instead of employees. The statute provides that "an individual performing any service, except as authorized under this Chapter, shall be considered to be an employee … unless…

    a) The individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

    b) The service is performed outside the usual course of the business of the employer; and

    c)  The individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

M.G.L. c. 149, § 148B (emphases added).  Section 148B thus sets forth a three-prong test for determining whether or not workers are independent contractors, and the prongs are conjunctive; <u>unless all three are satisfied, the worker is an employee</u>.  Furthermore, the burden of proof lies with the putative employer:  "if an employer fails to establish <u>any one</u> of the three prongs of [the statute], the services in question will constitute 'employment'…."  <u>Coverall North America, Inc. v. Comm'r of Div. of Unemployment Assistance</u>, 447 Mass. 852, 857 (2006) (emphasis added); <u>see</u> also <u>Jani-King</u>, 262 F.R.D. at 84; <u>Somers</u> 454 Mass. at 589.  On all three prongs of the statute, FedEx's ability or inability to meet their burden turns on classwide evidence, rather than on individualized assessments of drivers' particular actions and circumstances.

    The fact that FedEx's ability or inability to carry its burden of proof under § 148B may be resolved through common evidence is clear with respect to the second prong. This prong asks whether the services being provided are "outside the usual course of business of the employer."  FedEx requires the same services of every driver, and these are governed by common documents, particularly the Operating Agreements executed by contracting drivers.  There is no need to scrutinize individual drivers' conduct to determine whether their services are outside FedEx's usual course of business.

    Because it is patently obvious that the services provided by the proposed class members – performing package pick-up and delivery services  – is within FedEx's usual course of business and because this fact, without more, means that class members are employees, there is no need to examine the other prongs.  Still, it is clear that FedEx's

ability or inability to carry its burden of proof on the third prong of § 148B, which asks

whether the putative employee is "customarily engaged" in an independently

established business, will also be resolved with common evidence.  As discussed in

Plaintiffs' motion for partial summary judgment (Doc. # 30), the FedEx logos on delivery

trucks prevent drivers from offering their services to other companies, as does the full-

time nature of their work; such class-wide evidence suffices to show that FedEx cannot

carry its burden on prong three.  See Jani-King, 262 F.R.D. at 85 ("prong three can be

adjudicated on a class-wide basis"); Boston Bicycle Couriers, Inc. v. Deputy Director of

Div. of Employment & Training, 56 Mass.App.Ct. 473, 480 (2002) (prong three not

satisfied because option of performing same services for similar companies was, as a

practical matter, unavailable to plaintiff bicycle couriers).  What matters on this motion is

not whether Plaintiffs are correct but whether the issue can be resolved through

common evidence.  It plainly can.  Rule 23(a)(2)'s commonality requirement is satisfied.

### C.     The named Plaintiffs' claims are typical.

Rule 23(a)(3) provides that class certification is appropriate where the claims of

the representative plaintiffs are typical of the claims of the class as a whole.  Typicality

is "not highly demanding because the claims only need to share the same essential

characteristics, and need not be identical."  Payne, 216 F.R.D. at 24-25 (internal

quotation marks and citation omitted).  "For purposes of demonstrating typicality, [a]

sufficient nexus is established if the claims or defenses of the class and the class

representative arise from the same event or pattern or practice and are based on the

same legal theory."  In re Relafen Antitrust Litig., 231 F.R.D. at 69.  Moreover, the

"typicality requirement may be satisfied even if there are factual distinctions between the

claims of the named plaintiffs and those of other class members."  Margaret Hall

<u>Found., Inc. v. Atlantic Fin. Mgmt., Inc.</u>, 1987 WL 15884 at *2 (D. Mass. 1987).  Here, there are no factual distinctions between Plaintiffs' claims and those of other class members.  The named Plaintiffs predicate these claims entirely upon FedEx's practice of misclassifying delivery drivers as independent contractors, to which practice all class members were subjected.  Indeed, the claims of the named Plaintiffs are not merely typical of the claims of the proposed class but are, in fact, identical.

### D.     The named Plaintiffs are adequate class representatives.

"The [t]wo basic guidelines for meeting the adequacy of representation standard of Rule 23(a)(4) are: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." <u>Adair v. Sorenson</u>, 134 F.R.D. 13, 18 (D. Mass. 1991) (internal quotation marks and citations omitted).  Both factors are met here.  First, there is no potential conflict between named Plaintiffs and the other members of the proposed class since they are challenging practices applied uniformly to all class members.  Similarly, Plaintiffs' interests do not differ from those of the class as a whole, in that they seek to benefit the proposed class by obtaining damages for those class members.[15]

Plaintiffs' counsel are particularly well qualified and experienced in this type of litigation, having litigated dozens of class action cases on behalf of workers in the service and delivery industries alleging improper practices relating to misclassification and the improper diversion of wages under the same state laws at issue in this case.

---

[15]     The one exception to this statement is the first-named plaintiff Clayton Schwann, who has stated that he does not want to be a class representative.  Plaintiffs therefore do not propose that Plaintiff Schwann be included as a class representative, but instead that the Court designate the remaining nine named plaintiffs in this case as representatives for the class.

Indeed, the undersigned counsel are pioneers in the field of misclassification under §

148B and have obtained summary judgment, class certification, and favorable class

settlements in a number of those cases.  The undersigned counsel were, in fact,

plaintiffs' counsel in Somers, 454 Mass. 582 (2009), as well as Coverall, 460 Mass. 484

(2011), the seminal cases addressing § 148B.  Importantly, Harold Lichten and

Shannon Liss-Riordan have represented hundreds of FedEx drivers across the country

in similar lawsuits challenging FedEx's practice of classifying its drivers as independent

contractors.[16]  Plaintiffs' counsels' familiarity with these claims and this defendant make

them particularly well-qualified to represent the proposed class here.

### III.    Plaintiffs Satisfy the Requirements of Rule 23(b)(3).

### A.    Common questions predominate over questions affecting individual class members.

Predominance is satisfied upon showing that a "sufficient constellation of

common issues … bind[] class members together."  Waste Mgmt. Holdings, Inc. v.

Mowbray, 208 F.3d 288, 296 (1st Cir. 2000). The requirement is "merely that common

issues predominate, not that all issues be common to the class."  Smilow v.

Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 39 (1st Cir. 2003). "Where

common questions predominate regarding liability, then courts generally find the

---

[16]     See Silveira v. FedEx Ground Package Sys., Inc., C.A. No. 3:11-cv-01159-JBA (D.Conn. filed July 25, 2011); Stearns v. FedEx Ground Package Sys., Inc., C.A. No. 5:10-cv-224 (D.Vt., filed Feb. 10, 2011); Scovil v. FedEx Ground Package System, Inc., C.A. 1:10-cv-00515-DBH (D. Me., filed Dec. 16, 2010); Duval v. FedEx Package Sys., Inc., C.A. No. 1:10-cv-11409-GAO (D. Mass., filed Aug. 17, 2010); Thurston v. FedEx Ground Package Sys., Inc., C.A. No. 5:07-cv-00162 (D.Vt., filed 2007); Dizinno v. FedEx Ground Package Sys., Inc., C.A. No. 3:07-cv-00812-SRU (D.Conn., filed May 22, 2007); Magno v. FedEx Ground Package Sys., Inc., C.A. No. 3:07-cv-00811-JCH (D.Conn., filed May 22, 2007); Carlson v. FedEx Ground Package Sys., Inc., C.A. No. 2:05-cv-00085-SHE (D.Mont. filed Dec. 9, 2005); Perry v. FedEx Ground Package Sys., Inc., C.A. No. 1:05-cv-10976-WGY (D.Mass., filed May 11, 2005); Sheehan v. FedEx Ground Package Sys., Inc., C.A. No. 1:05-cv-10936-RGS (D. Mass., filed May 6, 2005).

predominance requirement to be satisfied…." In re Neurontin Mktg. and Sale Practices Litig., 244 F.R.D. 89, 106 (D.Mass.2007) (internal quotation marks and citation omitted).

Common questions regarding liability plainly predominate in this case, for the same reasons that the proposed class satisfies Rule 23(a)'s commonality requirement: the core claim here is misclassification, which lends itself to class-wide determination, especially where the misclassified drivers are subjected to similar policies and procedures. See, e.g., Scovil, 811 F.Supp.2d at 519-20 (certifying class of FedEx drivers who alleged misclassification as independent contractors). In particular, under § 148B's second prong, the members of the proposed class must be considered employees if FedEx cannot show that the services performed by delivery drivers fall outside FedEx's usual course of business. This issue may be resolved purely through common evidence and legal analysis, and a finding of liability to Plaintiffs will necessarily apply to the unnamed class members. Thus, common issues of law and fact form the nucleus of this case, thereby satisfying the predominance requirement.[17]

**B.      Class adjudication is superior to other available methods of adjudication.**

"[T]he requirement of superiority, like that of predominance, ensures that resolution by class action will 'achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" In re Relafen Antitrust Litig., 231 F.R.D. at 70. A class action is superior to individual cases here. This case

---

[17]      Even if individual inquiries are ultimately necessary to determine damages precisely, class certification is amply warranted here. See, e.g., Jani-King, 262 F.R.D. at 76 ("'Where "common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain," for "[t]he individuation of damages in ... class actions is rarely determinative under Rule 23(b)(3)."'").

challenges common practices of misclassification and wage law violations that similarly affect dozens of individuals who worked for FedEx as delivery drivers.  It would be grossly inefficient to require each driver to bring a case challenging these practices individually. A single class action is superior to dozens of individual actions, with their increased expense, duplication of discovery, and potential (however unlikely) for inconsistent results. Even if damage issues require individualized assessments, the efficiencies gained by use of a class action for common questions will ultimately benefit all of the class members, and FedEx, by dramatically reducing litigation expenses.

Second, it would be very difficult for putative class members who no longer reside in Massachusetts or even in the United States to bring individual claims on their own behalf.  The geographic dispersion of these proposed class members creates a real barrier to the ability to prosecute similar actions in their own name, including difficulty participating in discovery or sitting for depositions from abroad.  Such individuals may not have the incentive to bring an action individually or be able to find an attorney willing to take their cases, given these hurdles.  Allowing class certification is the only way to vindicate these individuals' rights and to ensure that FedEx is held fully liable for its unlawful conduct.

Finally, class adjudication is decidedly superior in the employment context because the fear of employer retaliation may have a chilling effect on employees bringing claims on an individual basis.  Indeed, numerous courts have held that class actions are superior in wage cases because of the prospect of retaliation.  See, e.g., Overka, 265 F.R.D. at 24 (D. Mass. 2010) ("class adjudication is superior in the employment context because fear of employer retaliation may have a chilling effect on

employees bringing claims on an individual basis"); <u>Perez v. Safety-Kleen Systems,</u>

<u>Inc.</u>, 253 F.R.D. 508, 520 (N.D. Cal. 2008) (concluding class action was superior

because, <u>inter alia</u>, "some class members may fear reprisal").  One court has explained

that fear of employer retaliation against individuals is "a very important concern"

because "the nature of the economic dependency involved in the employment

relationship is inherently inhibiting."  <u>O'Brien v. Encotech Const. Servcs., Inc.</u>, 203

F.R.D. 346, 350 (N.D. Ill. 2001).  Permitting Plaintiffs to prosecute their claims on behalf

of the proposed class meets these challenges and provides a superior method of

resolving the claims of the putative class members.[18]

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court

GRANT their motion for class certification and certify the following class:

> All individuals who entered into a FedEx Ground or Home
> Delivery Operating Agreement; drove a vehicle on a full-time
> basis since June 17, 2008, to provide package pick-up and
> delivery services pursuant to the Operating Agreement; were
> dispatched out of a terminal in the Commonwealth of
> Massachusetts; and who have not yet released their claims
> in this case.

Plaintiffs further request that the Court appoint Plaintiffs Thomas Leduc, Ramon

Heleodoro, James Duggan, Eric Vitale, Phinnias Muchirahondo, Temistocles Santos,

Lawrence Adams, Jeff Baylies, and Robert Sangster as class representatives[19] and the

law firm of Lichten & Liss-Riordan, P.C. as counsel for the class.

---

[18]    And, as demonstrated by the Liss-Riordan Declaration, Plaintiffs are aware that a number of class members have not pursued their claims raised in this case due precisely to a fear of retaliation.  Liss-Riordan Decl. ¶ 4.

[19]    As noted above, Plaintiff Clayton Schwann chooses not to be a class representative.

Respectfully submitted,

CLAYTON SCHWANN, THOMAS LEDUC,
MARVIN SANTIAGO, RAMON
HELEODORO, JAMES DUGGAN, ERIC
VITALE, MUCHIRAHONDO PHINNIAS,
and TEMISTOCLES SANTOS, individually
and on behalf of all others similarly situated,

By their attorneys,

  _/s/ Shannon Liss-Riordan_____
Harold L. Lichten BBO # 549689
Shannon Liss-Riordan BBO # 640716
Sara Smolik, BBO #661341
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994.5800

December 12, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the
attorney of record for each other party via ECF electronic filing on December 12, 2012.

/s/     Sara Smolik_____
        Sara Smolik