UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11094-RGS

CLAYTON SCHWANN, THOMAS LEDUC, RAMON HELEODORO, JAMES
DUGGAN, ERIC VITALE, PHINNIAS MUCHIRAHONDO, TEMISTOCLES
SANTOS, LAWRENCE ADAMS, JEFF BAYLIES, AND ROBERT SANGSTER,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

v.

FEDEX GROUND PACKAGE SYSTEM, INC.

MEMORANDUM AND ORDER ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

April 1, 2013

STEARNS, D.J.

The named plaintiffs in this case are former pick-up and delivery drivers for

FedEx Ground Package System, Inc. (FedEx), in Massachusetts.  The drivers allege

that FedEx violated Massachusetts law by improperly classifying them as independent

contractors when they in fact worked as direct employees of FedEx.  Before the court

is a motion to certify a litigating class to prosecute claims against FedEx arising under

Mass. Gen. Laws ch. 149, § 148B (the Independent Contractor Law) and Mass. Gen.

Laws ch. 149, §§ 148, 150 (the Wage Law).

BACKGROUND

Plaintiffs' claims against FedEx have had a long shelf life.  The proposed class

members are dissenters from a settlement involving a previous putative class action filed in this court some eight years ago,  *Sheehan v. FedEx Ground Package Sys., Inc.*, No. 1:05-cv-10936-RGS (D. Mass. May 6, 2005).  The plaintiffs in *Sheehan* made the same improper classification claim and sought the same remedies under the Wage Law. Shortly after the case was filed, it was transferred by the Multidistrict Litigation (MDL) Panel to the Northern District of Indiana, where it was consolidated for pretrial purposes with a number of largely identical cases brought against FedEx.  The MDL transferee judge, the Honorable Robert Miller, Jr., ultimately denied the *Sheehan* plaintiffs' motion for class certification.

After the case was returned to this court, the *Sheehan* plaintiffs entered into a global settlement agreement with FedEx.  As part of the agreement, FedEx provided contact information for all of its Massachusetts drivers to a settlement administrator. After being advised of the settlement terms, all but forty of FedEx's drivers chose to participate.  This case was then brought on behalf of the drivers who did not settle – either because they had rejected the terms of FedEx's offer or because they had been inadvertently omitted from or incorrectly identified on the list of drivers provided by FedEx.

The necessary facts as they relate to the class certification motion are straightforward and, for the most part, not in dispute.  Each of the putative class

members signed a standard FedEx Operating Agreement upon joining FedEx. Pursuant to the Agreement, each driver acquired a transferable and exclusive interest in a "Primary Service Area" in Massachusetts. Within his respective service areas, each driver made daily package pick-ups and deliveries, while using a FedEx terminal as a base of operations. The Agreement specified that the signatory driver was to work as an independent contractor, and not as an employee of FedEx.

The drivers claim that despite being classified as independent contractors, FedEx retained and exercised nearly complete control over their daily activities. As indicia of FedEx's iron sway, they point to provisions in the Operating Agreement that, among other things: specify the vehicle the driver was to use and its appearance; require the driver to wear a uniform with a prominent FedEx logo; establish the driver's rate of pay; and allow FedEx to determine the minimum number of packages the driver must handle on a daily basis. The drivers also argue that because of the extent of their obligations under the Operating Agreement, they had no option but to work exclusively for FedEx.

## DISCUSSION

To maintain a class action, plaintiffs must as an initial matter meet the requirements of Federal Rule of Civil Procedure 23(a). They must demonstrate that:

      (1) the class is so numerous that joinder of all members is impracticable;

      (2) there are questions of law or fact common to the class;

      (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

      (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If these prerequisites are met, the drivers must then satisfy one of the three requirements of Rule 23(b).  Insofar as relevant to this case, they must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Because this issue is conclusive, the court will begin and end its analysis with the predominance requirement.

      The success of plaintiffs' claims hinges upon a finding that FedEx improperly classified its drivers as independent contractors instead of employees, thereby depriving them of employee benefits to which they were otherwise entitled (at no inconsiderable saving to FedEx).  Whether the appropriate showing can be made turns on the test under Massachusetts law that defines the difference between an employee and an independent contractor.  Under Massachusetts law, a worker is deemed an employee unless the putative employer can show:

(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

(2) the service is performed outside the usual course of the business of the employer; and,

(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws ch. 149, § 148B. "The employer bears the burden of proof, and, because the conditions are conjunctive, its failure to demonstrate any one of the criteria set forth in subsections [(1), (2), or (3)], suffices to establish that the services in question constitute 'employment' within the meaning of [§148B]." *Athol Daily News v. Bd. of Div. of Employment and Training*, 439 Mass. 171, 175 (2003).

Plaintiffs, for their part, argue that FedEx cannot show that the drivers' services were performed outside of the company's usual course of business as the second prong of the test requires. In this regard, they rely on the restrictive provisions of the Operating Agreements as well as purported evidence about FedEx's business model. Because each driver signed an Operating Agreement as prelude to beginning work for FedEx, plaintiffs contend that "common issues" predominate.

The problem with plaintiffs' argument is that it assumes its own conclusion. The first and third prongs of section 148B require individualized factual inquiries. With

respect to prong one, FedEx can only show that a driver was an independent contractor by proving that he or she  was not only free from the company's control under the Operating Agreement, but was also free "in fact."  Prong three requires FedEx to provide individualized evidence about each driver's history of "customary" work apart from his or her duties with FedEx.  Plaintiffs' position that one can shortcut the statutory test by making the classification decision based solely on common evidence directed to the second prong of section 148B, while it has the attraction of expedience, effectively presumes that the drivers were employees of FedEx.  Although plaintiffs' conclusion may ultimately prove correct, it is premature to reach it now without considering the test as a whole.[1]  *See Amgen Inc. v. Connecticut Ret. Plans & Trust*

---

[1] The court has considered *De Giovanni v. Jani-King Int'l, Inc.* 262 F.R.D. 71 (D. Mass. 2009), in which the district court certified a class of franchisees who alleged violations of the Massachusetts Independent Contractor and Wage Laws based on their classification as independent contractors by franchisor.  Like MDL Transferee Judge Miller, this court is not persuaded that the first and third prongs of section 148B may be answered with reference to common facts, as the district court held in *Jani-King*.  Plaintiffs also cite cases from other jurisdictions certifying classes of pick-up and delivery drivers.  However, the employee classification laws in those states all employ a variant of the common law "right to control test," under which a determination of employee status is permitted by a common evidence rule.  In recognition of the variances in state law, Judge Miller certified classes in the MDL action in cases originating from Oregon, Pennsylvania, and California–the states in which the right to control-common evidence test is applied.  In doing so, he found that "whether and to what extent FedEx [ ] has the right of control can be resolved by reference to the Operating Agreement and FedEx [ ] policies." *In re FedEx Ground Package Sys., Inc. Employment Practices Litig.*, 273 F.R.D. 424, 469 (N.D. Ind. 2008).  Similarly, the recent certification of FedEx drivers as a class in *Scovil v. FedEx Ground Package*

*Funds*, 568 U.S. ___, ___ (2013), quoting Fed. R. Civ. P. 23 Advisory Committee's

2003 note ("[A]n evaluation of the probable outcome on the merits is not properly part

of the certification decision.") (internal quotation marks omitted); *In re FedEx Ground*

*Package Sys., Inc., Employment Practices Litig.*, 273 F.R.D. 516, 523 (N.D. Ind.

2010) ("Even though the second prong of the [independent contractor] test can be

decided on common evidence, a determination that FedEx can't rebut this prong of the

test, obviating the need to determine the other two elements, would be a decision on

the merits, which is improper at the class certification stage.").

In determining whether common issues predominate, "it may be necessary for

the court to probe behind the pleadings," and an analysis under Rule 23(b)(3), like Rule

23(a), "will frequently entail overlap with the merits of the plaintiff's underlying claim."

*Comcast Corp v. Behrend*, 569 U.S. ___, ___ (2013), quoting *Wal-Mart Stores, Inc.*

*v. Dukes*, 564 U.S. ___, ___ (2011) (internal quotation marks omitted).  But this case

does not present disputed legal or factual *premises* requiring an examination of the

merits to "formulate some prediction as to how specific issues will play out."  *In re*

---

*Sys., Inc.*, 886 F. Supp. 2d 45 (D. Me. 2012), was also premised on the right to control
test.  *See id.* at 54 ("But *Murray's Case* [a Maine Supreme Judicial Court decision]
makes the individualized actual control evidence of doubtful relevance: '[t]he test of
the relationship is the right to control.  It is not the fact of actual interference with the
control, but the right to interfere, that makes the difference between an independent
contractor and a servant or agent.'"(quoting *Murray's Case*, 130 Me. 181 (1931))).

*New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 17 (1st Cir. 2008) (citation and internal quotation marks omitted).  Such power to "test disputed premises at the certification stage" is appropriate "if and when the class action would be proper on one premise but not another."  *Id.*  (citation and internal quotation marks omitted).  Here, there is no disagreement that the appropriateness of FedEx's classification of plaintiffs as independent contractors is the warp and woof of any eventual awarding of class action status and that the correctness of that determination must ultimately be made under the terms of  section 148B.  But plaintiffs in effect are asking the court to make a preemptive strike by *concluding* from the outset that FedEx's independent contractor defense must inevitably fail.  This would not be a probe of the merits, but a *brevis* adjudication that is not permitted at the class certification stage of Rule 23 litigation.

ORDER

For the foregoing reasons, plaintiffs' motion for class certification is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE