UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11094-RGS

CLAYTON SCHWANN, THOMAS LEDUC, RAMON HELEODORO, JAMES DUGGAN, ERIC VITALE, PHINNIAS MUCHIRAHONDO, TEMISTOCLES SANTOS, LAWRENCE ADAMS, JEFF BAYLIES, AND ROBERT SANGSTER

v.

FEDEX GROUND PACKAGE SYSTEM, INC.

MEMORANDUM IN SUPPORT OF A CERTIFICATION OF QUESTIONS OF STATE LAW TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS

February 7, 2014

STEARNS, D.J.

Plaintiffs are former pick-up and delivery drivers for FedEx Ground Package System, Inc. (FedEx) in Massachusetts.[1] On July 3, 2013, this court

---

[1] Plaintiffs are dissenters from a settlement involving a previous putative class action filed in this court some eight years ago, *Sheehan v. FedEx Ground Package Sys., Inc.*, No. 1:05-cv-10936-RGS (D. Mass. May 6, 2005). The plaintiffs in *Sheehan* made the same improper classification claim and sought similar remedies under the Wage Law. Shortly after the case was filed, it was transferred by the Multidistrict Litigation (MDL) Panel to the Northern District of Indiana, where it was consolidated for pretrial purposes with a number of largely identical cases brought in numerous jurisdictions against FedEx. After the case was returned to this court, the *Sheehan* plaintiffs entered into a global settlement with FedEx. Plaintiffs in this case did not settle – either because they rejected the terms of FedEx's offer or because they had been inadvertently omitted from or incorrectly identified on the list of eligible drivers provided by FedEx.

entered judgment for plaintiffs after finding that they had been improperly classified by FedEx as independent contractors, in contravention of the Massachusetts Wage Act, Gen. Laws ch. 149, § 148B. *See Schwann v. FedEx Ground Package Sys., Inc.*, 2013 WL 3353776, at *4-6 (D. Mass. July 3, 2013). The issue that remains is whether certain assessments and deductions made by FedEx from plaintiffs' earnings are recoverable under the Wage Act.

## BACKGROUND

On joining FedEx, each of the plaintiff-drivers signed a standard Operating Agreement (Agreement) conferring a transferable interest in a Primary Service Area (PSA). Within his PSA, a driver had the exclusive right to make FedEx package pick-ups and deliveries, while operating from a FedEx terminal. The drivers received a weekly "settlement" from FedEx based on a weighted formula that took into account the number of a driver's package pick-ups and deliveries, the total stops, and the density of the PSA.

The Agreement required a driver to provide his own delivery vehicle and to "bear all costs and expenses incidental to [its] operation."[2] Agreement §§ 1.1

---

[2] Vehicle costs borne by the driver included "all risks of depreciation, all maintenance (including cleaning and washing), fuel, oil, tires, repairs, business taxes, consumption and sales taxes, personal property taxes . . ., licenses, vehicle registration renewal fees, base plates, and all highway, bridge and ferry tolls." Agreement § 1.3.

- 1.3. The driver bore the responsibility of obtaining non-trucking liability insurance, physical damage insurance, and work accident and workers' compensation insurance. *Id*. §§ 3.1, 3.6; add. 2, § 3.9. FedEx paid the insurance premiums and deducted the cost from the driver's weekly settlement.[3] FedEx also deducted the cost of a "business support package," through which FedEx provided uniforms, package scanners, vehicle washes, and federally mandated drug testing. *Id*. add. 7; *see also id*. § 1.13; add. 11, § 1.4.

## DISCUSSION

Section 148 of the Wage Act "requires prompt and full payment of [all] wages due." *Camara v. Attorney General*, 458 Mass. 756, 759 (2011). The Act provides in pertinent part that

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him . . . . No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty . . .

Mass. Gen. Laws ch. 149, § 148. An employee wrongly classified as an independent contractor may recover "any damages incurred, and [ ] any lost

---

[3] FedEx retained $1,000 of each driver's earnings in escrow to fund any amounts due on a driver's termination. *Id*. § 1.9. FedEx paid interest on the balance of the account at a rate equal to the average annual yield of contemporary thirteen-week U.S. Treasury bills. *Id*.

wages and other benefits." *Id.* § 150. Plaintiff-drivers seek to recover the deductions FedEx made from their weekly settlements for the costs of the insurance premiums and the business support package. They also seek to be reimbursed their out-of-pocket costs for maintaining and operating their delivery trucks.

The first dispute as to which state law gives conflicting guidance is over the deductions taken by FedEx for work accident and workers' compensation insurance premiums. FedEx maintains that plaintiffs have effectively waived this claim because they have not alleged that they were employees within the meaning of the Workers' Compensation Act, Mass. Gen. Laws, ch. 152. Plaintiffs, for their part, argue that the Wage Act, ch. 149, § 148B, provides the definition of employee for purposes of determining whether an employer must provide workers' compensation insurance.[4]

FedEx finds support for its position in the Massachusetts Attorney

---

[4] The Workers' Compensation Act defines an "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written." *Id.* § 1 (4). The Wage Act defines an employee as any person "performing any service," who does not meet each of the three prongs of the independent contractor test of ch. 149, § 148B. FedEx contends that the common-law "right to control" test must be applied in determining whether the drivers are entitled to recover. *See Fleming v. Shaheen Bros., Inc.*, 71 Mass. App. Ct. 223, 227 (2008).

4

General's interpretation of section 148B's application to chapter 152.[5] In briefing the issue before the Fourth Circuit Court of Appeals, the Attorney General argued against preemption of section 148B by the Federal Aviation Administration Authorization Act of 1994. According to the Attorney General's brief:

> [b]y its own terms, 148B operates "[f]or the purpose of this chapter [149] and chapter 151," otherwise known collectively as the Massachusetts Wage and Hour Laws. It does not serve as the definitional section of other state laws. For instance, the Attorney General's 148B Advisory explained . . . [that] [t]he Massachusetts Workers' Compensation Law [ ] provides a different definition of employee [from section 148B].

Br. of *Amicus Curiae* Att'y Gen. in Supp. of Plaintiff-Appellant at 7, *Sanchez v. Lasership, Inc.*, No. 13-1478 (4th Cir. July 24, 2013), quoting *An Advisory from the Atty. Gen.'s Fair Labor Div. on M.G.L. c. 149, s. 148B* (2008).[6]

---

[5] The Attorney General's interpretation of the Wage Act is entitled to "substantial deference." *See Smith v. Winter Place LLC*, 447 Mass. 363, 367-368 (2006) ("Insofar as the Attorney General's office is the department charged with enforcing the wage and hour laws, its interpretation of the protections provided thereunder is entitled to substantial deference . . . .").

[6] The Wage Act's internal reference to Chapter 152 may be read to support either party's argument:

> [w]hoever fails to properly classify an individual as an employee according to this section and in so doing violates chapter 152 shall be punished as provided in section 14 of said chapter 152 and shall be subject to all of the civil remedies, including debarment, provided in section 27C of this chapter.

5

The plaintiff-drivers rely on *Awuah v. Coverall N. Am., Inc.*, 460 Mass. 484 (2011) (*Coverall II*), where it is stated that "an employer may not deduct insurance costs from an employee's wages where those costs are related to future damages that may never come to pass . . . . Any such deduction constitutes 'damages incurred' for the purposes of the Wage Act." *Id.* at 497.[7] Because in *Awuah*, the defendant-employer had "concede[d] the plaintiffs are employees for the purpose of the proceeding before us," *id.* at 486 n.3, there was no reason to decide whether the definitional differences of an employee in the two laws had any practical impact on recoverable Wage Act damages.

A second dispute arises from the plaintiff-drivers' claim for reimbursement of the deductions taken by FedEx for the business support package and for their out-of-pocket vehicle maintenance and operation costs. Plaintiffs rely on the language of *Coverall II* for the proposition that FedEx's

---

Mass. Gen. Laws. ch.149, § 148B(d).

[7] *Coverall II* further stated that "[a]n agreement between an employer and an employee that the employee will obtain insurance *for the benefit of the employer* also violates the Wage Act because it is a 'special contract' that has the effect of exempting the employer from the obligations to pay earned wages in full." 460 Mass. at 497 n. 22 (emphasis added). The Court explained that "[a]n employer's insurance costs, when borne by an employee, reduce wages just as effectively as if the employer had obtained the policy and deducted funds from the wages." *Id.*

requirement that its drivers "pay for FedEx's business expenses out of their own pockets" was an illegal "special contract."[8]

The "special contract" language in section 148, however, does not appear to prohibit *any* agreement between employer and employee, but, as FedEx points out, only agreements that permit an employer to "deduct[], or withhold[] payment of, any *earned wages*." *Camara*, 458 Mass. at 760 (emphasis altered). Although the statute does not itself define the term, "earned" in section 148 has been interpreted to mean "[t]o acquire by labor, service or performance." *Mass. State Police Commissioned Officers Ass'n v. Commonwealth*, 462 Mass. 219, 226 (2012). Relying on this definition, the Massachusetts Appeals Court has held that "[i]n the ordinary course, the violation of a standard expense reimbursement arrangement would not constitute a violation of the Wage Act because the reimbursement is not compensation 'earned' by 'labor, service or performance.'" *Fraelick v. PerkettPR, Inc.*, 83 Mass. App. Ct. 698, 706 (2013), quoting *Mass. State Police*,

---

[8] Plaintiffs also rely on the citations in *Coverall II* to C.F.R. § 531.35 implementing the Federal Fair Labor Standards Act of 1938 (FLSA). *Coverall II*, 460 Mass. at 497 n. 22, 498. Because the FLSA regulation distinguishes between expenses made for the benefit of the employer and those that benefit the employee, plaintiffs assert that the Supreme Judicial Court has implicitly adopted the position that all benefits conferred by the employee on the employer are recoverable under the Wage Act.

462 Mass. at 226.

The decision of the Supreme Judicial Court in *Coverall II* and the Massachusetts Appeals Court's decision in *Fraelick* appear to be in tension. Where *Coverall II* plainly states that an employer cannot effectively reduce an employee's wages by shifting business costs to the employee, 460 Mass. at 497 n. 22, the Appeals Court in *Fraelick* appears to take the position that an agreement for an employee to bear business costs is not actionable under the Wage Act, as such an agreement does not diminish "earned" wages, 83 Mass. App. Ct. at 706.

An additional complication is presented by the U.S. District Court's decision in *Coverall I*. In certifying previous Wage Act questions to the Supreme Judicial Court, Judge Young tentatively held that an employer's deductions for the cost of supplies and equipment did not constitute "damages incurred" under ch. 149, § 150, because no statute required the employer to bear those costs (unless the deductions for business expenses reduced an employee's earnings below minimum wage). *Awuah v. Coverall N. Am., Inc.*, 740 F. Supp.2d 240, 243 (D. Mass. 2010), citing 455 Code of Mass. Reg. § 2.04(1) ("No deduction, other than those required by law and those allowed for lodging and meals . . . shall be made from the basic minimum wage."); *see also* 455 Code of Mass. Reg. § 2.04(2) (where employer requires employees to wear

uniforms requiring "dry-cleaning, commercial laundering, or other special treatment, the employee shall be reimbursed for the actual costs of such service to the extent that these costs reduce the employee's hourly rate below the basic minimum wage."); *see also Awuah v. Coverall N. Am., Inc.*, 2012 WL 910260, at *1 (D. Mass. Mar. 12, 2012) (reaffirming the holding of *Coverall I* on remand).[9]

In this court's opinion, the question of whether business expenses and deductions borne by employees are recoverable under the Wage Act is unsettled under state law. Guidance on these issues is important considering the frequency with which Wage Act claims are now being brought in this court. Although a federal district court sitting in diversity will attempt to discern the rule a state court would apply when no precedent is on all fours, *see Norton v. McOsker*, 407 F.3d 501, 506 (1st Cir. 2005), a federal diversity court will not presume the competence or authority to expand rights and privileges under state law where state law appears fundamentally undecided or in conflict, *Ryan v. Royal Ins. Co. of Am.*, 916 F.2d 731, 744 (1st Cir. 1990). A federal district

---

[9] FedEx argues that the decision not to address the issue of business expenses deductions in *Coverall II* should be interpreted as an implicit agreement with Judge Young's holding that the Wage Act does not allow for recovery of deductions taken from an employee's earnings for job-related business supplies and equipment.

9

court may in such circumstances, however, certify questions to the highest court of the state (the Supreme Judicial Court) "if there are involved in the proceeding before it questions of law of [the Commonwealth of Massachusetts] which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of [the Supreme Judicial Court]." Mass. S.J.C. Rule 1:03, § 1.

ORDER

Pursuant to Supreme Judicial Court Rule 1:03, the following questions of state law are certified by this court to the Supreme Judicial Court of Massachusetts:

1. Does the employee misclassification test under Mass. Gen. Laws ch. 149, § 148B, determine the employee status of a worker seeking to recover from an employer the cost of workers' compensation insurance premiums under the Wage Act?

2. Does the Wage Act prohibit a contractual arrangement in which an employee agrees to have sums deducted from his earnings for employer-supplied accouterments and equipment that are necessary for the employee's performance of the job, specifically in this case mandatory uniforms and package scanners for package pick-up and delivery drivers?

3. Does the Wage Act prohibit a contractual arrangement in which an employee agrees to pay a third party (without reimbursement) for expenses such as vehicle maintenance and operation, that are necessary for the performance of the job?

This court also welcomes the advice of the Supreme Judicial Court on any other questions of Massachusetts law it deems material to this case.

The Clerk of the Court is directed to forward to the Supreme Judicial Court, under official seal, copies of this Memorandum and Order and the entire record of this case. This case shall be <u>STAYED</u> pending a response to the certified questions from the Supreme Judicial Court.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE