UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11094-RGS

CLAYTON SCHWANN, THOMAS LEDUC, RAMON HELEODORO, JAMES
DUGGAN, ERIC VITALE, PHINNIAS MUCHIRAHONDO, TEMISTOCLES
SANTOS, LAWRENCE ADAMS, JEFF BAYLIES, AND ROBERT
SANGSTER

v.

FEDEX GROUND PACKAGE SYSTEM, INC.

SUPPLEMENTAL MEMORANDUM AND ORDER
ON THE PARTIES' CROSS MOTIONS FOR
SUMMARY JUDGMENT

February 5, 2015

Stearns, D.J.

In light of the First Circuit's recent decision in *Massachusetts Delivery Ass'n v. Coakley*, 769 F.3d 11 (1st Cir. 2014) (*MDA*), and having considered the parties' supplemental briefing, the court withdraws its July 3, 2013 Order in so far as it granted summary judgment in favor of plaintiffs on Count I (wrongful classification of pick-up and delivery drivers as independent contractors in violation of Mass. Gen. Laws Ch. 149, § 148B[1]).

---

[1] Under section 148B, a worker is properly classified as an independent contractor if the employer can show that

In *MDA*, a case virtually identical to this one in its relevant respects, the First Circuit rejected the view I shared with Judge Casper that the Federal Aviation Administration Authorization Act (FAAAA) did not preempt the second prong of §148B. The FAAAA expressly preempts state laws "related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c) (1). The First Circuit repudiated the reasoning that, as statute of general applicability, section 148B did not directly implicate the transportation of property, and thus, any indirect impact on FedEx's price, routes, and services was too attenuated to trigger preemption. *See MDA*, 769 F.3d at 18-20 (rejecting the Massachusetts Attorney General's proposed categorical rule that "background" labor laws are exempt from preemption).

With respect to "transportation of property," the First Circuit squarely held that because "[s]ection 148B governs the classification of the couriers for delivery services[,] [i]t potentially impacts the services the

---

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> (2) the service is performed outside the usual course of the business of the employer; and,
>
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

2

delivery company provides, the prices charged for the delivery of property, and the routes taken during this delivery. The law clearly concerns a motor carrier's 'transportation of property.'" *Id.* at 23.

The First Circuit did not decide whether the second prong of section 148B actually "related to a price, route, or service of [a] motor carrier" because the district court in that case did not rely on this prong in its decision. *Id.* at 22. However, the First Circuit emphasized that "a statute's 'potential' impact on carriers' prices, routes, and services can be sufficient if it is significant, rather than tenuous, remote, or peripheral." *Id.* at 21. Empirical evidence in this regard is not necessary, and "courts [may] look[] to the logical effect that a particular scheme has on the delivery of services or the setting of rates." *Id.* Such "logical effect can be sufficient even if indirect." *Id.*

Looking to such logical (if indirect) effects, the application of section 148B to FedEx and other similar motor carriers would unquestionably have an impact on "price, route[s], [and] services" by in effect proscribing the carrier's preferred business model. As another court observed,

> [e]limination of independent contractors, as defined by common law or statutes in neighboring states, triggers a number of other labor laws, such as to make this law more than simply a wage law. It becomes an outline of how a business must be structured, an overhaul of any motor carrier business model attempting to meet customer demand through flexible

3

> design. As here, a complete overhaul of a motor carrier's business model is disruptive to the carriage itself and falls within the scope of conduct the FAAAA intended to prevent. Compliance with Massachusetts's independent contractor law fundamentally alters the essence of [defendant]'s business model that relies on independent contractors who can make on-demand deliveries required by market forces and modern customer demand.

*Sanchez v. Lasership, Inc.*, 937 F. Supp. 2d 730, 743 (E.D. Va. 2013).

Plaintiffs contend that even if the second prong of section 148B is preempted, they would nonetheless prevail at summary judgment on the basis of the third prong. However, as FedEx points out, the preempted prong is not severable from the statute as a whole. Under Massachusetts law, severability is determined by looking to legislative intent.

> "Where a statutory provision is unconstitutional, if it is in its nature separable from the other parts of the statute, so that they may well stand independently of it, and if there is no such connection between the valid and the invalid parts that the [legislative body] would not be expected to enact the valid part without the other, the statute will be held good, except in that part which is in conflict with the Constitution." *Mayor of Boston v. Treasurer & Receiver Gen.,* 384 Mass. 718, 429 [] (1981) (citation omitted). On the other hand, "[i]f the court is unable to know whether the Legislature would have enacted a particular bill without the unconstitutional provision, it will not sever the unconstitutional provision, but will strike the entire statute." *Id.*

*Ackerley Commc'ns of Massachusetts, Inc. v. City of Cambridge*, 135 F.3d 210, 215 (1st Cir. 1998). Here, section 148B is a conjunctive test – that is, an employer must meet its burden as to each prong to properly classify a

worker as an independent contractor. The court has no way of knowing whether the Legislature (had it had at the time the statute was enacted the benefit of the *MDA* decision) would have chosen to rewrite the statute less restrictively to consist of only the first and third prongs. Thus, the entire statute must be treated as preempted.

Moreover, enforcing prongs one and three of section 148B against motor carriers would end the same – the "price, route[s], [and] services" offered by motor carriers would be impacted by forbidding the preferred business model. This is the result the FAAAA's preemption provision is meant to prevent, that is to say, "the regulatory authority retained by the states [is] not 'to be used as a guise for continued economic regulation as it relates to prices, routes or services.'" *United Parcel Serv., Inc. v. Flores-Galarza*, 318 F.3d 323, 337 (1st Cir. 2003), quoting H.R. Conf. Rep. No. 103-677 at 84 (1994).

Because section 148B is preempted as applied to motor carriers like FedEx, summary judgment is allowed in favor of FedEx on Count I. Because Count II (alleged violation of the Massachusetts Wage Law) is premised on liability under Count I, summary judgment is also allowed in favor of FedEx on this Count.

5

ORDER

FedEx's motion for summary judgment is <u>ALLOWED</u> on all Counts. Plaintiff's motion for summary judgment on Count I is <u>DENIED</u>. The Clerk will enter judgment for FedEx and close the case.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE