UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON SCHWANN et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>      Defendant. | Civil Action No. 1:11-cv-11094 |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S
MOTION FOR LEAVE TO FILE UNDER SEAL ITS MEMORANDUM IN SUPPORT
OF ITS EMERGENCY MOTION TO ENFORCE THE SETTLEMENT AGREEMENT,
DECLARATION OF ARUN THOMAS, AND DECLARATION EXHIBITS**

Pursuant to Local Rule 7.2, Defendant FedEx Ground Package System, Inc. ("FXG"), respectfully submits this Motion for Leave to File Under Seal its Memorandum in Support of Emergency Motion to Enforce the Settlement Agreement, Declaration of Arun Thomas, and Declaration Exhibits ("Motion for Leave"). These pleadings relate to the enforcement of a confidential settlement that was entered into by the parties at a mediation before Magistrate Judge Dein. In support of this Motion, FXG states the following:

1. Contemporaneously filed herewith, FXG submits to the Court its Emergency Motion to Enforce the Settlement Agreement ("Motion to Enforce"); its Memorandum in Support of its Motion to Enforce ("Memorandum"); the Declaration of Arun Thomas in Support of FXG's Motion to Enforce ("Declaration"); and the Declaration Exhibits A-D ("Decl. Exhibits"). The Decl. Exhibits include: (A) an executed copy of the confidential settlement agreement entered into by and between the parties on March 28, 2018 (the "March 28 Settlement Agreement"); (B) a letter from Plaintiff marked confidential / not for filing e-mailed to FXG

1

counsel on March 30, 2018 (the "March 30 Letter"); (C) a letter from Plaintiff marked confidential / not for filing hand-delivered to FXG counsel on April 2, 2018 (the "April 2 Letter"); (D) a settlement agreement from Plaintiff marked confidential that was hand-delivered to FXG counsel on April 2, 2018.

2. More specifically, FXG seeks to file only the Memorandum, the Declaration, and the Decl. Exhibits under seal.  FXG will file publicly the Motion to Enforce.  FXG will also file publicly a redacted version of the Memorandum and a redacted version of the Declaration, which removes any and all references to confidential settlement discussions and/or confidential settlement agreements.

3. FXG has good cause to seek leave here.  The Memorandum, the Declaration, and the Decl. Exhibits all contain confidential settlement discussions and confidential settlement agreements.  The Decl. Exhibits, some of which were submitted to the Court pursuant to confidential ADR, specifically read "Confidential – Not for Filing."

4. Given that the Memorandum, the Declaration, and the Decl. Exhibits contain confidential private settlement agreements related to a single-plaintiff claim, which are the subject of a confidentiality agreement, the public does not have a right of access to this information and good cause exists to grant this Motion for Leave.  *See, e.g.*, *Hayes v. McGee*, No. 10-40095-TSH, 2014 WL 198407 at *3 (D. Mass. Jan. 13, 2014), *quoting Anderson v. Cryovac, Inc.*, 805 F.2d 1, 12 (1st Cir. 1986) (stating that the right of the public to have access to documents is "diminished" when public access does not "play a significant role in the administration of justice"); *see also Wilson v. Pharmerica Corp. Long Term Disability Plan*, No. 14-cv-12345-LTS, 2015 WL 4572833 at *2 (D. Mass. July 29, 2015).

5. In addition, this Court should grant FXG's Motion for Leave because there is no

common law right to information exchanged in closed court or during court-ordered mediation sessions.  The Court, the parties, and the public have an interest in protecting the confidentiality of court-ordered mediation sessions and encouraging the free exchange of information in those sessions.  Finally, if these documents were not filed under seal, FXG would incur specific harm because FXG would be in breach of its confidentiality agreement with Plaintiff.

      For the foregoing reasons, FXG respectfully requests that this Court grant leave to file under seal the Memorandum, the Declaration, and the Decl. Exhibits.  FXG will publically file the Motion to Enforce and redacted copies of both the Memorandum and the Declaration.  Further, FXG requests that the Decl. Exhibits remain impounded for sixty (60) days after the resolution of the above-captioned action.  Thereafter, counsel for FXG shall make arrangements to retrieve the impounded materials and shall retain them.

           Respectfully submitted,

           FEDEX GROUND PACKAGE SYSTEMS, INC.

           By its attorneys,

           /s/ Kate E. MacLeman
           James C. Rehnquist (BBO# 552602)
           Kate MacLeman (BBO# 684962)
           GOODWIN PROCTER LLP
           100 Northern Avenue
           Boston, Massachusetts 02210
           Tel.:  617.570.1820
           Fax.:  617.801.8786
           JRehnquist@goodwinlaw.com
           KMacLeman@goodwinlaw.com

Dated:  April 12, 2018

**LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify, pursuant to Local Rule 7.1(a)(2), that counsel for Defendant has conferred with the Plaintiff's counsel regarding the foregoing motion, but despite good faith efforts have been unable as of the date of this filing to resolve or narrow the issues presented in this motion.

The undersigned counsel further certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2018.

Dated: April 12, 2018                                                                 /s/ Kate E. MacLeman