UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON SCHWANN et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 1:11-cv-11094 |
| ) | |
| v. ) | |
| ) | |
| FEDEX GROUND PACKAGE SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND DISMISS THIS CASE WITH PREJUDICE

Defendant FedEx Ground Package System, Inc. ("FXG") hereby moves to enforce a

March 28, 2018 confidential settlement agreement (the "March 28 Agreement") reached with

Plaintiff Clayton Schwan ("Plaintiff"), to dismiss this case with prejudice pursuant to the terms

of that March 28 Agreement, and to award FXG the attorneys' fees it incurred by filing this

Motion, as provided under the March 28 Agreement.[1]  On March 28, 2018, Magistrate Judge

Dein presided over a successful mediation between FXG and Plaintiff where Plaintiff signed the

March 28 Agreement in the presence of his counsel, Magistrate Judge Dein, and FXG.

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████



[1]  ████ simultaneously submits under seal the Declaration of Arun Thomas in support of FXG's Emergency Motion to Enforce the Settlement Agreement and Dismiss This Case with Prejudice (the "Thomas Decl."). ████████ ████████████████████████████████████  Please note that FXG files this motion as an emergency motion ██████████████████████████████████████████████████████████████ ████████████  Plaintiff's counsel has indicated that under the circumstances he cannot file a stipulation of dismissal of the case.  As a result, FXG respectfully requests that this Court to enter an order enforcing the March 28 Agreement and dismissing this case with prejudice ██████████████████████████████.

████████████████████████ Thomas Decl. ¶¶ 24-5.  As laid out more fully below, the March 28 Agreement is a binding contract and should be enforced by this Court.  The March 28 Agreement, which contains all material terms, was entered into by the parties with the requisite intent.  *See, e.g., Basis Tech. Corp. v. Amazon.com, Inc.*, 71 Mass. App. Ct. 29, 44 (2008).[2]  As a result, FXG respectfully asks this Court to: 1) enter an order[3] enforcing the March 28 Agreement, 2) dismiss the case with prejudice, and (3) award FXG's attorneys' fees incurred as a result of this Motion.[4]

## I.      **RELEVANT FACTS**

Plaintiff filed this suit alleging contractor misclassification as an offshoot of a previous putative class action based on identical claims filed in 2005 by the same law firm that represents Plaintiff here, *Sheehan v. FedEx Ground Package Sys., Inc.*, No. 05-10936 (D. Mass. filed May 6, 2005).  Thomas Decl. ¶ 4. On June 17, 2011, Plaintiff and 10 others who did not settle with FXG filed this lawsuit.  *Id*. ¶ 5. ████████████████████████████

████████████████████████████████████████████

████████  *Id.* ¶ 6.  The case was dismissed as to those plaintiffs on December 7, 2016.  *Id.* Plaintiff chose not to settle his claims and elected to proceed to trial.  *Id.*  FXG was prepared for trial when this Court entered an order referring this case to ADR before Magistrate Judge Dein. *Id.* ¶ 7.

---

[2]  Federal courts sitting in diversity should apply state contract law when interpreting a settlement agreement where the underlying action was brought under state law.  *See e.g., In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 15 (1st Cir. 2012) ("As a general matter, interpreting settlement agreements and their scope is a matter of state contract law") (internal citations omitted).

[3]  A Proposed Order is attached hereto as Exhibit 1.

[4]  The March 28 Agreement provides: ██████████████████████████████

██████████████████████████████████████████████  *See* Thomas Decl., Ex. A, ¶ 6.

On January 29, 2018, a mediation was held before Magistrate Judge Dein.  *Id.* ¶ 8.

███████████████████████████ ████████████████████████████████

███████████████████████████ █████████████████████████. *Id.* ████████████████

███████████████████████████ █ █████████████████████████

████████████████████████████. *Id.* ¶ 8-9.  On January

30, 2018, Judge Dein entered the settlement onto the record.  *See* Dkt. No. 201; *see also* Thomas

Decl., ¶ 9.  Following the mediation, Plaintiff refused to sign the January 30 Agreement.

Thomas Decl. ¶ 14.  More specifically, ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ *Id*. ¶ 10.

████████████████████████████████████

████████████████████████ *Id*. ¶ 11. ██████████████████████

████████████████████████ ████████████████████████

███████████████████████████████████████████████ *Id.* ¶

12.  After a few days, however, ████████████████████████████████

████████████████████████████████. *Id.* ¶ 13. ████████

███████████████████████████ ████████████████████████████

██████████████████ *Id.* ¶ 15. ████████████████████████████

█████ *Id.*  FXG notified the Court of Plaintiff's refusal to enter into a written settlement

agreement on February 26, 2018 and this Court again ordered the parties to ADR before

Magistrate Judge Dein.  *Id*. ¶ 16.  A second mediation session was held on March 28, 2018 (the

"Mediation").  *Id.*



████████████████████████████████. *Id. ¶* 17.  During the Mediation, ████

███████████████████████████████████████████

██████████████████████████. *Id.* ¶ 18.  In fact, Magistrate Judge Dein, Plaintiff,

Plaintiff's counsel, FXG, and FXG counsel ████████████████████████

███████████████████████████. *Id.* ██████████████████,

███████████████████ *Id.* ¶ 19. ██████ ████████████

██████████████████, ████████████, ██████████████

████████████████████████████████. *Id.* ¶

19-20. █████████████████████████████████

██████████████████ Magistrate Judge Dein formally entered the March 28 Agreement

on the record:

> On March 28, 2018, I conducted a mediation conference in this case.  All parties were
> represented by counsel, and were present in person, by telephone or by authorized
> corporate officer.  The plaintiff has signed the settlement documents and the parties will
> be filing a stipulation of dismissal shortly.

Dkt. No. 211; *see also* Thomas Decl. ¶ 21.  Notably, the March 28 Agreement was nearly

identical to the January 30 Agreement provided to Plaintiff's counsel prior to the Mediation,

except that the March 28 Agreement included three additional changes that Plaintiff specifically

requested during the Mediation, which FXG accepted.  Thomas Decl. ¶ 19.  The following day,

on March 30, 2018, at 12:36pm EST FXG provided Plaintiff's counsel with a copy of the

countersigned March 28 Agreement.  *Id.* ¶ 22. █████████████████████

████████████████████████ *Id.* ¶ 23. ████████████████

████████████████████████████████████████

██████████ *See* Thomas Decl., Ex. B; *see also* Thomas Decl. ¶ 23.  Three days later, on April 2,

2018, ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ (*see* Thomas Decl., Ex C); (████████

████████████████████████████ (*see* Thomas Decl. Ex. D).  *See* Thomas Decl. ¶ 24.

████████████████████████████████████████████████████

Thomas Decl. ¶ 25.

II.  **ARGUMENT**

    A.  **There Is An Enforceable Settlement Agreement That Was Signed By All Parties And This Case Should Be Dismissed With Prejudice**

This case is quite clear.  The March 28 Agreement was signed by Plaintiff in the presence of his counsel and the Court, contains all of the agreed upon material terms, and is therefore enforceable under basic contract law.  *See I&R Mech., Inc. v. E. Contractors, Inc.*, No. 2004555F, 2007 WL 738702, at *2 (Mass. Sup. Ct. Feb. 20, 2007) ("When parties to a litigation have agreed upon all of the essential elements of settlement and a settlement agreement is reached, the agreement will be an enforceable contract notwithstanding one of the parties' subsequent attempts to set aside the agreement.").[5]  It is well-settled that "[c]ourts strongly favor settlement agreements to promote efficiency and avoid costly litigation."  *Id.*; *see also Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008) (finding "settlement agreements enjoy great favor with the courts as a preferred alternative to costly, time-consuming litigation") (applying state law).  For this reason, courts allow a party to a settlement agreement to enforce the agreement's terms if the other party refuses to comply.  *See Amazon.com, Inc.*, 71 Mass. App. Ct. at 29.

---

[5]  *See also Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11, 15 (1st Cir. 2001) (upholding a settlement agreement with agreed upon material terms because not doing so would be "a radical and doomed departure from the principles of contract law.").

More specifically, a court will enforce a settlement agreement between parties if there was a "meeting of the minds" indicating an intent by both parties to be bound. *Flebotte v. Dow Jones & Co.*, No. 97-30117-FHF, 2001 WL 35988082, at *3 (D. Mass. June 28, 2001) ("Under Massachusetts law, the formation of an enforceable agreement requires a bargain in which there is a manifestation of mutual assent, i.e., a meeting of the minds to the exchange and consideration.") (internal citations omitted).  Courts therefore generally enforce a settlement agreement absent a dispute over the material terms and dismiss such cases with prejudice. *See Amazon.com, Inc.,* 71 Mass. App. Ct. at 44.  No such dispute over material terms exists here as evidenced when the parties agreed upon the terms in the presence of Magistrate Judge Dein. *See id.* (upholding a settlement agreement, noting "[i]n sum, the deliberateness and the gravity attributable to a report of a settlement, especially during the progress of a trial, weigh heavily as circumstantial evidence of the intention of a party such as [Defendant] to be bound").  Indeed, "the actual existence of the settlement agreement cannot be disputed, moreover, as it was announced in open court." *Flebotte,* No. 97-30117-FHF at *3; *see also* Thomas Decl. ¶ 21.

### B. Plaintiff Understood The Terms Of The Agreement When He Signed The Agreement Before Magistrate Judge Dein

It cannot be disputed that Plaintiff understood the terms of the March 28 Agreement.  The March 28 Agreement was the product of lengthy negotiations between the Parties and their respective counsel.  Both Parties had input into the terms of the March 28 Agreement prior to the Mediation.  Plaintiff may not renege on a settlement simply because he has second thoughts. *Correia v. DeSimone*, 34 Mass. App. Ct. 601, 604 (1993).[6]  Much like the existence of the enforceable settlement agreement, there is no dispute here as to Plaintiff's understanding of the

---

[6]  In upholding the integrity of a settlement agreement, the Appeals Court stated: "It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on that acknowledgment." *DeSimone*, 34 Mass. App. Ct. at 604.

terms of the March 28 Agreement when he signed it before Magistrate Judge Dein. ████████



████████████████████ Thomas Decl. ¶ 21. ██████████████

███████████████████████████████ *Id.*  In fact, █████████

████████████████████████████████. *Id.* ¶ 20.

Moreover, because the material terms did not change from the January 30 Agreement to the March 28 Agreement,  Plaintiff essentially had weeks with the March 28 Agreement prior to the Mediation to consider and discuss the terms with his counsel, which is even more evidence of his understanding.  *See Eswarappa v. Shed Inc./Kid's Club*, 685 F. Supp. 2d 229, 238 (D. Mass. 2010) (rejecting plaintiff's argument that she did not understand the terms of a settlement agreement in part because plaintiff had plenty of time to consider the terms and "[h]aving had the same legal representation throughout the life of this litigation, the plaintiff also had ample time to discuss settlement alternatives with counsel"); *see also* Thomas Decl. ¶ 19. ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████  *See* Thomas Decl. ¶ 12.

Simply put, Plaintiff has no grounds for his refusal to comply with the terms of the March 28 Agreement.  The March 28 Agreement contains all of the material terms of the Parties' agreement, was agreed to and signed by the Plaintiff  in the presence of his counsel and Magistrate Judge Dein, was formally executed by the Parties, and was subsequently entered onto the record.  Thomas Decl. ¶ 19-21.  The March 28 Agreement should therefore be enforced, and the case dismissed with prejudice.  *See Duff v. McKay,* 89 Mass. App. Ct. 538, 539 (2016)

(upholding settlement agreement and affirming dismissal of plaintiff's claims); *see also*

*Eswarappa,* 685 F. Supp. at 238 (upholding settlement agreement and dismissing plaintiff's

claims with prejudice per that settlement).

      **C.**     **FXG Should Be Awarded Costs And Fees Associated With This Motion**

      FXG is entitled to the attorneys' fees and costs it has incurred in moving to enforce the

March 28 Agreement.  Under the terms of March 28 Agreement—to which the parties are

bound— █████████████████████████████ ██ ████████████

████████████████████████████████████████████████

████████████  Thomas Decl., Ex. A, ¶ 6.  Notably, FXG made multiple good-faith

attempts to enforce the March 28 Agreement without incurring additional fees and costs or

involving the Court.  Thomas Decl. ¶ 26. ████████████████████

██████████████████████████████████████

█████████████████████ *Id.* ███████████████████

██████████████████████████████████████

███████████████████████. As a result, ████████████

████████████, FXG respectfully requests that this Court enter an order requiring Plaintiff

Schwann to pay the costs and reasonable attorneys' fees associated with FXG's enforcement of

the March 28 Agreement.

**III.**    **<u>CONCLUSION</u>**

      WHEREFORE, FXG respectfully requests that this Court grant FXG's Emergency

Motion to Enforce the Settlement Agreement and Dismiss This Case With Prejudice, and to

award FXG's attorneys' fees incurred by filing this Motion.

Dated:  April 12, 2018

Respectfully submitted,

FEDEX GROUND PACKAGE SYSTEMS, INC.

By its attorneys,

/s/ Kate E. MacLeman
James C. Rehnquist (BBO# 552602)
Kate E. MacLeman (BBO# 684962)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.:  617.570.1000
Fax:  617.523.1231
jrehnquist@goodwinprocter.com
kmacleman@goodwinprocter.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 17, 2018.

/s/ Kate E. MacLeman